# Commonwealth *v.* W. I. Bachop.

*Criminal law—Forgery—Fictitious name on note.*

The making of any false instrument, which is the subject of forgery, with a fraudulent intent, although in the name of a nonexisting person, is as much a forgery as if it had been made in the name of one who was known to exist and to whom credit is due.

*Criminal law—Forgery—Indictment—Essentials thereof.*

An indictment for forgery need not set out the manner in which the payee of a forged note is or can be prejudiced by said note where the tendency to prejudice her rights appears on the face of the instrument and it is apparent that the same could be used to her prejudice. All that is required is certainty to a common and general intent, and that need not be averred which is apparent to the court and which appears from a necessary implication.

*Payment of money for a forged note—Parts of one transaction.*

Where the payment of the money to one charged with the forgery of a note was not contemporaneous with the making of the note but the payment and making of the note were necessary parts of the same transaction as arranged by the defendant, it may properly be held that the forgery was to the prejudice of the right and with the intention to defraud the person whose money was thus secured.

*Indictment—Formal defect.*

The omission of a seal following a fictitious or forged name in a forged instrument as quoted in the indictment is a mere formal defect which the appellate court will not regard.

Argued May 20, 1896.   Appeal, No. 78½, April T., 1896, by defendant, from judgment of Q. S. Warren Co., Sept. Sess., 1895, No. 7, sentencing defendant in prosecution for forgery. Before Rice, P. J., Willard, Beaver, Reeder, Orlady and Smith, JJ.   Affirmed.

Defendant was indicted for forgery and uttering of a judgment note purporting to be made by one B. L. Anderson to the order of Jennie Cummings, and the indictment charged that said judgment note was uttered " with intent to defraud the said Jennie Cummings and to the prejudice of her right."

The judgment note was quoted at length in the indictment.

Defendant moved to quash the indictment for the following reasons :

1st. The written instrument set forth in said indictment, and alleged to have been forged, is not such a one as, on its face, shows that the right or property of Jennie Cummings could have been injured, prejudiced or affected by the making of said alleged instrument as alleged in said indictment.

2d. It does not appear upon the face of said indictment how the making of said instrument, therein set forth, and alleged to have been forged, could, or did prejudice the rights of the said Jennie Cummings.

3d. There is no crime charged in said indictment.

The motion was overruled by the trial court. [1]

On the trial Jennie Cummings testified as follows :

Q. Did you have any money to loan in December, 1860 ? A. Yes, sir.   Q. Did you have any conversation with the defendant, Mr. Bachop, in regard to that ?

Mr. Wilbur : What do you propose to prove ?

Mr. Dunkle : We propose to prove that Mr. Bachop obtained $250 from this lady, stating that he knew a party who wanted to borrow that amount on the first judgment on fifty acres of land, to be followed by evidence that he, Bachop, did receive this money from Mrs. Cummings to loan to this party for Mrs. Cummings, and that the name of the party to which the money was to be loaned was B. L. Anderson, to be followed by evidence that he afterwards reported that he had loaned it, and took B. L. Anderson's judgment note for the amount, that he entered it of record in Warren county, and sent a certificate of

this judgment from the prothonotary of Warren county to Mrs. Cummings; this to be followed by evidence that the body of the note is in the handwriting of Mr. Bachop; that it is witnessed by him in his handwriting, and that the name "B. L. Anderson" and the words "his mark" were made by the defendant, Mr. Bachop.

Objection overruled. Exception. [2]

Q. Now state if you had any conversation with Mr. Bachop in regard to this money that you loaned him, or if he had any with you—state what it was. A. He came there just about the time I received some life insurance money; my husband had been dead since August, and he said that he knew of a party who would like to borrow some money, and he offered to settle up some matters there for me, and he attended to those matters, and I let him have $250. He told me there was a party by the name of B. L. Anderson, on Dutch hill, who would like to borrow some money; that I would have the first lien on the land; that there was about fifty acres, and a house on the land which was in good repair. I let him have the money and in a few days he sent me a transcript. Q. State whether or not that is the paper he sent you? (Paper shown witness.) A. It is. Q. How did you receive it? A. Just as it is; that is, in an envelope through the mail.

After conviction the defendant moved in arrest of judgment, assigning the following reasons: (*a*) refusing motion to quash; (*b*) indictment is insufficient to charge forgery; (*c*) admitting above evidence of Jennie Cummings; (*d*) evidence is insufficient to convict defendant of forgery. This motion was overruled by the court (3) and defendant sentenced to a fine of $100, restitution, and imprisonment for one year and six months. A special allocatur was allowed by Judge BEAVER.

*Errors assigned* were, (1) overruling motion to quash; (2) admission of evidence of Jennie Cummings; (3) refusing motion to arrest judgment.

*W. W. Wilbur*, of *Wilbur & Schnur*, with him *Allen & Sons*, for appellant.—The indictment does not set out in what manner Jennie Cummings could be defrauded or her rights prejudiced: Com. v. Shissler, 9 Phila. 587; Com. v. Mulholland, 12 Phila.

608, 610; 8 Am. & Eng. Ency. of Law, 460, 461, note 5; Ibid, 476, 478, 479, 506, 509, 523, 537. For this reason it was error to admit the evidence of Jennie Cummings as to how the note was prejudicial to her. The money was received by defendant on December 27 to loan for twelve months and the note was not made until December 30, hence, Jennie Cummings did not loan the money upon the credit of this note and is in no worse condition after its making than before : Com. v. Mulholland, 12 Phila. 608. The omission of the seal to the note was material and there was a variance between the allegations and the proofs : 8 Am. & Eng. Ency. of Law, 505, 513, 514, notes.

*J. W. Dunkle,* district attorney, with him *H. J. Muse,* for appellee.—It is evident upon the face of the indictment that the note in question might have some legal effect upon the property or right of Jennie Cummings. It is not necessary to set out the extrinsic facts : 8 Am. & Eng. Ency. of Law, page 525; Biles v. Com., 32 Pa. 532; Com. v. Smith, 6 S. & R. 570; Com. v. Phipps, Crim. Law Mag. vol. 4, page 544; Com. v. Ladd, 15 Mass. 526 ; Com. v. Costello, 120 Mass. 358; People v. Rynders, 12 Wend. (N. Y.) 431. In cases of forgery either the person whose name is forged or the one to whom the forged instrument is passed may be defrauded and the indictment may lay the intent to defraud either : People v. Stearns, 21 Wend. (N. Y.) 409 ; 23 Wend. (N. Y.) 634.

OPINION BY ORLADY, J., July 16, 1896 :

The defendant was convicted upon an indictment in which it was charged that he did fraudulently make, sign, utter and publish and was then and there concerned in the fraudulently making, signing, uttering and publishing of a written instrument, to wit: a judgment note for the payment of money, purporting to be made by one B. L. Anderson, payable one year after date, to one Jennie Cummings, or bearer, the tenor of which judgment note is as follows, that is to say :

" $200.00.                    · WARREN Pa. Dec. 30, 1890

" One year after date I promise to pay to Jennie Cummings or bearer Two Hundred and Fifty ·dollars, for Value received. ·Interest payable semi-annually, with interest, &c. And pro-

viding for attorneys commissions for collection, waiving exemption, inquisition &c.

"(signed)    B. L. $\overset{\text{his}}{\underset{\text{mark}}{\times}}$ ANDERSON

"Witness: W. I. BACHOP."

And concluding "which said forged judgment note was then and there made, signed, uttered and published as aforesaid, with intent to defraud the said Jennie Cummings, and to the prejudice of her right, contrary to the form of the act of assembly," etc.

The first assignment of error urges that the written instrument set forth in the indictment, is not such an one as on its face shows that the rights or property of Jennie Cummings would have been injured, prejudiced or affected by the making of the alleged instrument; that it did not appear upon the face of the indictment how the making of said instrument could or did prejudice the rights of Jennie Cummings, and that no crime is charged in the indictment.

The offense is stated in the language of section 169 of the act of March 31, 1860, P. L. 382.

The name of the forged instrument and copy of it are set out in the indictment. All that is required is certainty to a common and general intent, and that need not be averred which is apparent to the court and appears from a necessary implication; where the tendency to prejudice the rights of persons appears on the face of the instrument, averring the fraudulent nature and giving copy is sufficient, if it is apparent that the instrument was capable of being used to the prejudice of a person's rights: Biles v. Com., 32 Pa. 529; 8 Am. & Eng. Ency. of Law, title, "Forgery."

Details like the manner in which the fraud was meant to be effected need not be mentioned. It is sufficient to aver a general intent to defraud a certain person, which intention may be made out by the facts in evidence on the trial: 2 Bishop's Crim. Proced. sec. 421.

The commonwealth proved that the defendant secured $250 from his sister-in-law, Jennie Cummings, to be invested for one year, with interest payable semi-annually, and sent to her, as evidence of her investment, a transcript of a judgment entered in the common pleas of Warren county, founded upon a judg-

ment note signed with the name of a fictitious person by a mark; the genuineness of the signature being attested by the defendant, who wrote his own name as a subscribing witness. To preserve the continuity of the fraud, he remitted to the prosecutrix the interest on the loan for three years and paid to her $25.00 on account of the principal.

While the delivery of the money and making of the note were not contemporaneous, they were necessary parts of the same transaction as arranged by the defendant. If the delivery of the note had been delayed or refused, the fraud would have been complete through another name but as a means to the end, the fraudulent note was designed to be, and for a number of years was a successful shield in inducing belief that the money was safely invested.

The verdict determines the fact that B. L. Anderson was a fictitious name written by the defendant as the genuine signature of a responsible landowner. This imposture was to the prejudice of the right, with intent to defraud the person whose money was secured by this deceit.

The making of any false instrument which is the subject of forgery, with a fraudulent intent, although in the name of a non-existing person, is as much a forgery as if it had been made in the name of one who is known to exist and to whom credit is due: 2 Arch. Crim. P. & P. sec. 538 and notes.

The evidence of the prosecutrix as covered by the second assignment was properly received, as it related to the execution of the signature of the supposititious person by the hand of the defendant, by which artifice she was injured.

The omission of the seal following the fictitious name in the indictment as in the forged instrument was a mere formal defect, which was not urged as a reason in a motion to quash, and if it had been the indictment might have been then amended or could be so done in this court on argument: Davis v. Commonwealth, 4 Cent. R. 711; Commonwealth v. Williams, 149 Pa. 54.

An examination of the record does not disclose anything that would justify us in sustaining any of the specifications of error. The judgment is affirmed, and it is ordered that the record be remitted to the court below, to the end that its sentence may be executed.