## Franklin Fire Insurance Company, Appellant, *v.* Bradford.

*Principal and agent—Liability of principal to third persons.*

The principal is responsible civiliter to third persons for the acts, even the tortious acts, of his agent, if done in the course of the agent's employment, although the principal did not authorize the acts or indeed may have forbidden them.

The principal who has conferred general power on an agent cannot escape answerability for a particular act of the agent, within the scope of the general power.

*Principal and agent—Liability of insurance agent to his principal for act of subagent.*

Where an agent of an insurance company who has power to countersign and issue policies and collect premiums, employs a subagent whom he permits to sign his name to the policies, collect premiums and deposit money in bank, and the subagent without the agent's actual knowledge, issues a policy on a kind of risk which the agent had been expressly forbidden to insure, and a loss results to the insurance company by reason of the destruction of the premises by fire, the agent is liable to the insurance company for the loss sustained, and he cannot allege as a defense, that he had no knowledge of the delivery of the policy, or of the fact that the subagent had received the premium and deposited the same in the agent's bank account.

*Criminal law—Forgery—Definition of forgery.*

Forgery is the fraudulent making of a writing to the prejudice of another's right.

An agent who has signed his principal's name in the course of the principal's business, without fraudulent intent, and without receiving any benefit from the act, cannot be charged with forgery.

*Maxims—Two innocent persons—Wrongful act of a third person.*

Where one of two innocent persons must suffer from the wrongful act of a third, the loss should be borne by him who put the wrongdoer in a position of trust and confidence, and thus enabled him to perpetrate the wrong.

Argued Oct. 21, 1901. Appeal, No. 28, Oct T., 1901, by plaintiff, from judgment of C. P. Beaver Co., March T., 1897, No. 223, on verdict for defendant in case of Franklin Fire Insurance Company v. Thomas Bradford. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Trespass by principal against agent for negligence. Before Wilson, P. J.

The facts are fully stated in the opinion of the Supreme Court.

The court gave binding instructions for defendant.

*Error assigned* was the charge of the court.

*Winfield S. Moore* and *Henry Hice*, with them *Alfred S. Moore* and *Agnew Hice*, for appellants.—There was nothing apparent in Hoyt's conduct that was not in accord with the authority and powers with which Bradford had clothed him, as indicated by the latter's treatment of him, and his recognition of his acts. The policy thus delivered by Hoyt was binding upon the company: Swan v. Watertown Fire Ins. Co., 96 Pa. 41, 42 ; McGonigle v. Susquehanna Mutual Fire Ins. Co., 168 Pa. 1 ; Bodine v. Exchange Fire Ins. Co., 51 N. Y. 117 ; Massachusetts Life Insurance Co. v. Eshelman, 30 Ohio, 647, 657; Clark v. Glens Falls Ins. Co., Supreme Court N. Y., 21 Weekly Digest, 197.

The plaintiff in this case did no act, and was guilty of no negligence, that in any way contributed to the perpetration of the wrongful act.

The principal is responsible, not only for the negligent, but also for the tortious, or fraudulent acts of the agent or employee: Phila. & Reading R. R. Co. v. Derby, 14 How. 468; Warren-Scharf Asphalt Paving Co. v. Commercial National Bank, 97 Fed. Repr. 181; Bank of Palo Alto v. Pacific Postal Tel. Cable Co., 103 Fed. Repr. 841.

*William A. McConnel*, with him *John M. Buchanan*, for appellee.—The principal is civilly responsible for some, but not for all, acts of his agent. This responsibility extends to the tortious acts of the agent, but only where they are committed for the principal's purposes and by his authority, either actual or apparent, or where he ratifies them, or accepts and retains some benefit from them: Hanover Fire Ins. Co. v. Bradford, 102 Fed. Repr. 48; Flower v. Penna. R. R. Co., 69 Pa. 210; Towanda Coal Co. v. Heeman, 86 Pa. 418; Brunner v. American Telegraph & Telephone Co., 151 Pa. 447; Hower v. Ulrich, 156 Pa. 412.

The fact that Hoyt was employed to do clerical work, receive premuims, deposit money and deliver policies and sometimes solicit insurance, did not apparently give him authority to, by forging Mr. Bradford's name to this instrument, bind either Mr. Bradford or the company.

OPINION BY MR. JUSTICE DEAN, November 8, 1901:

The defendant, Thomas Bradford, was a duly appointed agent of the Franklin Fire Insurance Company at New Brighton, Pennsylvania, with authority to effect insurance, countersign, issue and renew policies signed by the president and attested by the secretary at the office of the company in Philadelphia, to fix premium rates, receive money, and in general, to attend to all the business of the company at New Brighton and the neighboring region; subject, however, to the rules, regulations of and such instructions as might, from time to time, be given him by the general officers of the company. The appointment was made in 1887, and Bradford continued to act under it until January 1, 1897. By their terms, policies had no force until countersigned by Bradford, the local agent. During his agency Bradford employed a subagent, one Hoyt, who was given by him general charge of Bradford's insurance business, and had access to all documents and blank policies, and was an occupant of his office in New Brighton. As such subagent for Bradford, he solicited policies, fixed rates, collected premiums, and filled blanks in policies, made daily reports to the company and signed Bradford's name to them. A short time before July 1, 1896, J. & E. Mayer, owners of a pottery factory at Beaver Falls, wrote to Bradford asking to renew insurance of $15,000, which Bradford had before that taken on their pottery for one year in the Franklin and other companies of which he was also agent, which policies were about to expire. In response to the letter Hoyt went to the place of business of the pottery company and delivered to the company policies aggregating $15,000 to run for one year to take the place of those about to expire; among the renewal policies was one for $2,000 in the Franklin Company, this appellant. The policy was signed by the president and attested by the secretary; it was also countersigned with the name of Thomas Bradford, agent. The total premiums on the whole $15,000 were paid by one

check in the sum of $225 drawn by the Mayers and pottery company, and payable to the order of Thomas Bradford; this check was deposited to the general account of Bradford in the National Bank of New Brighton; the amount of premium paid on this policy was $30.00.

On October 21 following, within the year, the pottery was destroyed by fire and the insurance company had to pay its share of the loss, the $2,000 covered by the policy. It will be noticed that the policy was delivered by Hoyt to the insured on July 1, 1896; but before that date the insurance company, through its general state agents had notified Bradford to issue no policies on the pottery, such property not being considered a satisfactory risk. While daily reports of the business had been made to the company by Bradford, no report was made of this risk. Bradford's name had been countersigned on the policy by Hoyt as if Bradford himself had written it, but without express authority from him and without his actual knowledge. We may remark here, that while the evidence shows that there was no express authority to Hoyt by Bradford to sign Bradford's name to the policy, there was evidence from which such authority might have been inferred; but this is not material in the view we take of the question. We assume that Hoyt had no such authority. But the evidence fails to show, as argued, that Hoyt committed a criminal act, that is, a forgery when he affixed Bradford's name. "Forgery is the fraudulent making of a writing to the prejudice of another's right." Evidence of the fraudulent intent is here almost wholly lacking. Hoyt earned the premium and the insured paid it over to Bradford into whose account it entered, and he received the commission. Hoyt appropriated not one cent to his own use; nor does the evidence show that he benefited in the remotest degree by the act. There is no evidence indicating a fraudulent intent.

After paying the loss the company brought this suit against Bradford to recover the amount paid, averring as a cause of action, that their payment was occasioned by reason of Bradford's malfeasance and neglect of duty. The learned judge of the court below, after hearing the evidence, directed a verdict for defendant, on the grounds, that Bradford had no knowlege of the delivery of the policy by Hoyt, nor any knowledge of the payment by the pottery company of the premium. From judg-

ment entered on this verdict plaintiff now appeals assigning for error, the peremptory instruction of the court.

That Hoyt was the authorized agent of Bradford, the principal agent, is not questioned; this being the fact, the insurance company at once invokes the application of the rule. "The principal is responsible civiliter to third persons for the acts, even the tortious acts, of his agent, if done in the course of the agent's employment, although the principal did not authorize the acts or indeed may have forbidden them:" Phila., etc., R. R. Co. v. Derby, 14 Howard, 468; Hower v. Ulrich, 156 Pa. 412; Brunner v. American Telegraph and Telephone Co., 151 Pa. 447, and many other cases. How does the court below relieve the defendant from the application of the rule? It answers: 1. Bradford had no knowledge of the delivery of the policy. 2. He had no knowledge that Hoyt received the premium and deposited the same in the bank to his, Bradford's, account.

That the policy when delivered fixed the liability of the company, cannot be doubted; in fact that liability was judicially decided by the common pleas, and the company had to pay. True, Bradford was not a party defendant to that suit, and is not concluded by that judgment, but he is a party to this one in which all the evidence has been heard and we are constrained to hold, that if the same evidence had been presented then, the judgment would have been the same. We turn then to inquire, if the reasons given by the learned judge are sufficient to sustain the judgment. Assume the fact that Bradford had no specific knowledge of the delivery of this particular policy; but Hoyt was his agent for that very purpose; he had access to blanks in the office and had Bradford's authority to deliver them; he was not the agent of the company and had no authority from it; all his authority was derived from Bradford, and by reason of Bradford's authority the company was compelled to pay. What one does by another he does by himself. Hoyt, having general authority to take the blanks from the office, fill them up and deliver them, made the act that of Bradford. It does not follow, that to be his act he must have handed this particular blank to Hoyt and have directed him to fill it up for the pottery company; Hoyt's general authority to fill up particular policies and receive the premiums would cover this particular act. The pottery company wrote to Bradford, ask-

ing for the insurance; in response Hoyt took from the office the blank, filled it up and delivered it. As to Bradford, it must be conclusively presumed, that he knew that Hoyt did just what he gave him opportunity and power to do. The principal who has conferred general power on an agent cannot escape answerability for a particular act of the agent, within the scope of the general power. If the business was large and the distinct acts necessary to its transaction were numerous, it would be unreasonable to assume that the principal would have specific knowledge of each particular act; but this fact does not shield the principal; it only suggests extreme care in the selection of his agent. We hold, that Bradford legally had knowledge of the act he gave his agent authority to perform. Second, the court holds that Bradford had no knowledge that any premium had been paid to Hoyt and credited to his account. The fact that the premium had been paid is important only in fixing the liability of the insurance company; a condition precedent to recovery is the payment by the insured of the premium. Bradford avers that Hoyt alone received the premium and deposited it to his, Bradford's, credit in the bank; that he had no knowledge of the fact. Here again, knowledge must be conclusively presumed on his part. It is highly probable that among a large number of items to his credit in the bank he had no specific knowledge of this particular item and he could probably say the same of most of the others. Depositors having large bank accounts generally send their agents or messengers with the funds in the shape of bills, checks or drafts to make the deposits and have little knowledge of the particular items. Here Hoyt made this deposit with many others to the credit of Bradford. Bradford had a right to know just what they were; he could by a mere examination of his own account have known whence came every dollar; no other had such right; if he chose not to exercise his right, to remain in ignorance, still the law will impute to him knowledge of how he became the owner of the money which stood in his name in the bank. It must be borne in mind, that this is not a criminal prosecution where knowledge might be an important element as showing intent, but is a civil suit for damages occasioned by neglect of an agent to obey the instructions of his principal. The evidence shows conclusively that Bradford flatly disobeyed

the instructions of the Fire Insurance Company not to insure the pottery, and that by reason of this disobedience the company had to pay. In its most favorable aspect for defendant, he comes under the rule, "That where one of two innocent persons must suffer from the wrongful act of a third, the loss should be borne by him who put the wrongdoer in a position of trust and confidence and thus enabled him to perpetrate the wrong."

The judgment is reversed and venire facias de novo awarded.