## Commonwealth *v.* Hall.*

CONCURRING OPINION BY SMITH, J.

While concurring in the reversal of the judgment, I feel constrained to place on record my dissent from the views, on some points, expressed in the opinion of the court.

There has never been any serious question respecting the conditions under which two or more acts, each an offense, may be charged in a single count.   Briefly summarizing these, which are too well settled to require a citation of authorities, offenses may be joined when they arise from the same act or transaction, as a larceny of the property of two or more, the battery of two or more by a single act of violence, the libeling of two or more by one publication, a burglary and an accompanying larceny ; when one of the offenses is a constituent part of the other, or is necessarily involved in the other, or both are different stages or phases of one complete offense, as an assault and a battery, an unlawful offer to sell and a sale ; when one is in effect a continuation or a result of the other, as a forcible entry and a detainer, or is the obvious sequel of the other, as a conversion of public funds and a failure to pay when required.

The case in hand, however, does not fall within any of these categories.   Forgery and uttering the forged instrument are not offenses arising from one and the same act or transaction, nor is either a constituent part of the other, or included in the other.   An uttering, indeed, involves a forgery, but not in the same act or transaction, nor necessarily, at the same time or place, or by the same person.

They are separate and unconnected offenses, may be committed at different times, in different places, and by different persons.   Proof of one is not evidence of the other, and proof of uttering affords no presumption of forgery within the county, or even within the commonwealth : Com. v. Parmenter, 5 Pick. 279.   Acquittal or conviction of one is no bar to prosecution for the other.   In their nature, they are as distinct and unconnected as the larceny of a weapon and a subsequent

---

* For the report of Commonwealth v. Hall, see 23 Pa. Superior Ct. 104.

assault with it. Unquestionably, their joinder in a single count is duplicity. The offenses described in this case, however, being misdemeanors, the further charge of causing the forged instrument to be made, uttered and published, is not the charge of a third offense, but is, in effect, a repetition of the previous charge of making, uttering and publishing; qui facit per alium facit per se. While this may be treated as surplusage, it is not duplicity: Com. v. Twitchell, 4 Cush. 75; Com. v. Stevens, 10 Mass. 181; Com. v. Hill, 11 Mass. 136.

The provision of section 11 of the act of 1860, relating to penal procedure and pleading, that every indictment shall be deemed and adjudged good and sufficient in law which charges the crime substantially in the language of the act of assembly prohibiting it, etc., does not, when the act embraces several distinct offenses, authorize the use of more of its language than defines a single offense; it does not abolish the rules of pleading so far as to permit the joinder of two distinct offenses in one count. Under sections 113 and 114 of the penal code of 1860, relating to embezzlement by trustees, agents and others, a count charging embezzlement " as trustees and agents " was held bad for duplicity, the statutory language being descriptive of different classes of offenses: Hutchinson v. Com., 82 Pa. 472.

The parallel between forcible entry and detainer, and forging and uttering, is more apparent than real. A forcible detainer, as a substantive offense, may follow a lawful entry, and in such case no question relating to a forcible entry can arise. But when both entry and detainer are forcible, no distinction can be drawn between the force whereby possession is gained and that by which it is maintained. In its civil aspect, the offense is a continuing trespass, and its character as such is not changed by the penal consequences attached to it by statute. In both civil and criminal pleading, it may be charged in a single count.

Thus far, I have discussed the question as if the indictment, in the present case, charged both forgery and uttering. In reality, however, it falls short of this. The charge of uttering is not adequately stated. An essential ingredient of this offense is knowledge that the instrument uttered is forged. To utter a forged instrument, without such knowledge, is not an offense in either law or morals. Whatever must be proved, as

a constituent part of an offense, must be charged; as, in robbery, the force or putting in fear; in murder, the malice aforethought. In civil and criminal cases alike, the verdict must be secundum allegata et probata. In a trial for uttering a forged paper knowledge of its character by the defendant must be proved: therefore, in charging the offense, it has always been necessary to allege a scienter. In Com. v. Bachop, 2 Pa. Superior Ct. 294, while the indictment charged a forging and uttering as in the present case, the question of its structure, as to the latter charge, was neither passed on or raised. A judicial decision is authority for what is actually decided as to the questions presented; not for what might have been decided on questions not presented, or on matters passed sub silentio. Hence the case cited cannot be deemed authority for a charge of uttering without laying a scienter. I am therefore fully warranted in saying that all the authorities and precedents are to the effect that a count for uttering a forged paper must aver that the defendant knew it to be forged.

It cannot well be supposed that, by the language of section 169 of the penal code of 1860, "make, sign, alter, utter or publish," etc, the legislature intended any change in the essentials of the crime of uttering. This offense was not created by the act of 1860, nor is it therein defined. Like various other offenses enumerated in that act, it is referred to by name and not by description, as a known offense with an established definition. Among other known crimes referred to in like manner are murder of the first and second degrees, manslaughter, assault and battery, riot, rout, unlawful assembly, robbery, larceny, perjury, nuisance, lotteries, prison-breach and escape. For none of these could an indictment, charging it only in the language of the statute, be sustained.

Holding, then, that the code of 1860 leaves the ingredients of uttering forged paper unchanged, and that the averment of a scienter is necessary in stating the offense, I must regard the charge of uttering, in the indictment before us, as insufficient, and the reference to it as surplusage.

In this view of the case the motion to quash was properly refused.