Commonwealth *v.* DiPiero, Appellant.

Argued March 19, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, JACOBS, and HOFFMAN, JJ. (MONTGOMERY, and FLOOD, JJ., absent).

*Charles F. Mayer*, with him *James A. Lynch*, for appellant.

*John S. Halsted*, Assistant District Attorney, with him *A. Alfred Delduco*, District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., April 15, 1965:

This is an appeal by the defendant- appellant, Ralph DiPiero, from the judgment of sentence of the Court of Quarter Sessions of Chester County, after his conviction of the crime of forgery. He was sentenced to pay a fine of $300 and suffer imprisonment of not less than six months nor more than twelve months.

The statement of facts and the following portions of the opinion of the court below are hereby approved.

"The admitted facts of the case are as follows. Defendant was a salesman for a car dealer in Paoli, Pennsylvania on October 24, 1961. On this date he went to the Downingtown National Bank and opened an ac-

count under the name of Richard Mascara with a deposit of $30.00 cash. He gave Mascara's address as that of his estranged wife in Philadelphia and designated his occupation as a baker at the Chester County Farmer's market. On the very same day he drew a check to his own order on the Downingtown National Bank signing Mascara's name as the maker in the amount of $2,086.00 and deposited the check with $14.-00 cash in an account in his name in the National Bank of Malvern. This account had been held for several months and was active in his own name and at the time had a balance of $350.34. Later on the same day he drew from that account the sum of $1,850.00 in cash. Some six or seven days later the check drawn on the Downingtown Bank was returned to the Malvern Bank marked 'insufficient funds'. For some four months thereafter the purported maker of the check, Dominic Mascara, was sought and, when contacted by the County Detective, defendant said that Mascara had been a friend of his and that he too was looking for him as he owed him money also. Finally the authorities concluded the identity of Mascara with that of defendant through handwriting experts and defendant was charged with forgery. When finally brought to trial over two years later he admitted the identity of himself and Mascara for the first time through his counsel at trial.

"Within four days of the verdict of guilty, defendant filed a motion for new trial on the grounds that the verdict was against the evidence and contrary to the weight of the evidence and defendant was afforded thirty days to file additional and supplemental reasons. No additional reasons were filed nor more time requested. No specific exceptions were taken to the charge of the court nor were suggestions made by either counsel to amend or alter the charge in any way.

"The facts, save for intent, were wholly admitted and the question of defendant's intent to defraud was

left properly and wholly for the jury. Whether a motion for a new trial is granted or not upon the grounds of the verdict being against the weight of the evidence depends upon whether there is sufficient evidence for the jury to find the facts to render a verdict of guilty under the law as charged by the court: Commonwealth v. Gooslin, 410 Pa. 285; Commonwealth v. Melton, 406 Pa. 343; Commonwealth v. Lees, 199 Pa. Superior Ct. 383. There is no allegation of error in the charge of the court with respect to the law nor is there any motion in arrest of judgment filed. Defendant, contrary to his motion concerning the evidence, does not now argue nor contend that there was not sufficient evidence to find intent to defraud, but rather argues that the law as set forth in the charge of the court was erroneous and that admitting all of the facts they did not constitute the crime of forgery and, in effect, is really contending in arrest of judgment.

"There is no question whatever that there was sufficient evidence for the jury to find an intent to defraud. Defendant offered a very flimsy excuse for his actions stating that he had sold a used car to a dealer who had promised to deposit the price in the Downingtown account. He neither followed up on the alleged dealer to see if the deposit were made nor did he produce him at trial telling the jury that when he went back a week later the dealer had gone out of business entirely and completely disappeared. He tried to explain the fictitious account by saying that he didn't desire his estranged wife to know his business yet gave her address on the account itself. He never explained nor sought to explain why he failed to disclose the identity of himself and Mascara nor why he carried out the subterfuge while the police were looking for Mascara. Even without defendant's record of prior frauds and forgeries before them, and his record was not in the evidence, there was more than ample evidence for the

jury to find an ingeniously devised scheme to defraud by use of the fictitious account, the fictitious check and withdrawal not just beyond a reasonable doubt but beyond all doubt. The whole purpose in the use of the fictitious name and check was for the obvious intent of obtaining the funds from the Malvern Bank and then escaping any criminal liability by pointing to his alleged friend Mascara as the man who had provided him with a worthless check. . . . As we understand his current position he argues that, since objectively defendant had a right to open a bank account in a fictitious name, there is no forgery as there was no false instrument. In the argument defendant obviously lays his own premise to support his own conclusion. A fictitious account upon which a fictitious check is drawn is a false instrument. There may be no illegality merely in making a false instrument but its falsity still exists. However when the false making of an instrument is performed with the intent to defraud, even though it be by way of the use of a fictitious name, the uttering of the false instrument becomes illegal and that is forgery. One may indeed sign another's name to a check and falsely make the instrument without any criminality. However when he does so with the intent to defraud, and another is prejudiced, a forgery has been committed.

"The only question we deem at issue in this case, factually or legally, was the intent with which the bank account and check drawn thereon in a fictitious name was performed. If the intent was to defraud, defendant did then utter a written instrument with the intent to defraud to the prejudice of another as forgery is defined in The Penal Code, Act of June 24, 1939, P. L. 872, 18 P.S. 5014.

"Defendant has cited Commonwealth v. Powers, 110 Pa. Superior Ct. 319, as his sole authority. We do not discern any support of his position in that opinion. At

page 323 the Superior Court sets forth the essential elements of the crime: '(1) the false making of some instrument in writing, (2) the instrument must be apparently capable of effecting a fraud and working an injury to another, and (3) there must be a fraudulent intent.' These elements are fully present in the scheme before us. It is not contended nor has it been argued that the fact of the maker's name being that of a fictitious person and not a real one prevents the act being that of forgery. . . .

"We are concerned here with a very clever and experienced individual whose scheme to defraud was pierced by very efficient and persistent effort on the part of the prosecuting staff. It is our conclusion that he was properly indicted, fairly tried and convicted for the commission of the crime of forgery. . . ."

We agree that the only question before us on this appeal is whether as a matter of law the facts, as admitted, constitute the crime of forgery. Forgery may be committed by executing an instrument with a fictitious name with the intent to defraud. This is the well established rule in Pennsylvania and throughout the United States. *Com. v. Globe Indemnity Company,* 323 Pa. 261, 185 A. 796 (1936); *Commonwealth v. Bachop,* 2 Pa. Superior Ct. 294 (1896); 49 A.L.R. 2d 852.

There is no question of the result if the appellant had used the name of Mascara on a check without opening an account. It is logical that when the appellant created an account in the name of Mascara and then drew a check and the account was over two thousand dollars deficient in covering the amount that the rule should be the same. The prejudice to the bank is the same. In the one case a check was drawn in a fictitious name with the intent to defraud the bank while in the other case an account was created in a fictitious name and a check drawn in that name with the same

intent. It is the intent with which the signature, authorized or not, is affixed to an instrument which determines whether or not the instrument is fraudulent or true. The misuse of an authorized signature without fraudulent intent would not constitute the crime of forgery. *Franklin Fire Ins. Co. v. Bradford*, 201 Pa. 32, 50 A. 286 (1901). Conversely, the use of an unauthorized signature on an instrument capable of producing prejudice with fraudulent intent would constitute the crime of forgery. *Com. v. Brown*, 96 Pa. Superior Ct. 13 (1929). See also: *Com. v. Wheeler*, 200 Pa. Superior Ct. 284, 189 A. 2d 291 (1963).

Judgment of sentence is affirmed and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.

HOFFMAN, J., concurs in the result.