J-S57025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIE L. BOWMAN | |
| Appellant | No. 92 EDA 2014 |

Appeal from the Judgment of Sentence December 6, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003622-2013

BEFORE: DONOHUE, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED SEPTEMBER 19, 2014**

Appellant, Willie L. Bowman, appeals from the December 6, 2013 judgment of sentence of 14 to 28 months' incarceration, followed by a term of 6 years' probation, imposed after a jury convicted him of one count of theft by unlawful taking and three counts of forgery.[1] After careful review, we affirm.

We reiterate the trial court's summary of the relevant factual and procedural history of this case as follows. This action arises out of a posthumous transfer of real property owned by Appellant's brother ("Brother"). Trial Court Opinion, 2/10/14, at 2-6. The real property in question consists of three adjoining parcels in Chester, Pennsylvania, upon

_____

[1] 18 Pa.C.S.A. §§ 3921(b) and 4101(a)(3), respectively.

which a concrete plant lies ("the property"). *Id.* at 2 n.1. Brother died from leukemia on November 19, 2011. *Id.* at 2. At the time of Brother's death, the property was titled solely in Brother's name. *Id.* at 3-4. Early in 2012, Brother's daughter ("Niece") discovered Brother's will within a safe located in the home she shared with Brother. *Id.* at 3. Late in 2012, Niece was appointed as the executrix of Brother's estate, and, while in the process of securing the estate's assets, she discovered that the deeds purportedly transferring the property from Brother to Appellant were executed approximately nine months following Brother's death. *Id.* at 3-4, 7. Each deed contained an acknowledgment form, signed by a notary public, which indicated Brother appeared before the notary on the date of the transfer. *Id.* at 4. Appellant acknowledged executing these deeds on Brother's behalf, alleging Brother granted him the authority to do so during a conversation that occurred ten years prior to Brother's death. *Id.* at 8.

The Commonwealth subsequently charged Appellant with various offenses arising out of his attempted transfer of the property. Following a two-day trial, a jury convicted Appellant of the aforementioned offenses on October 29, 2013. The trial court sentenced Appellant on December 6, 2013. Appellant filed a timely post-sentence motion on December 9, 2013,

which the trial court denied on December 11, 2013. Appellant filed a timely notice of appeal on January 9, 2014.[2]

On appeal, Appellant raises the following issues for our review.

> 1[.] Whether the evidence was insufficient to sustain the convictions for [f]orgery since the Commonwealth failed to prove, beyond a reasonable doubt, that [Appellant], with the intent to defraud or injure another person, made, completed, executed, authenticated, issued, uttered, or transferred the deeds at issue herein without authorization from the person who [sic] those writings purported to be from?
>
> 2[.] Whether the evidence was insufficient to sustain the conviction for [t]heft by [u]nlawful [t]aking (immovable property) since the Commonwealth failed to prove, beyond a reasonable doubt, that [Appellant] unlawfully transferred, or exercised unlawful control over, immovable property of another person that he was not entitled to?

Appellant's Brief at 5.

Our standard of review regarding challenges to the sufficiency of the Commonwealth's case is well settled. "In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the jury's verdict beyond a reasonable doubt." ***Commonwealth v. Patterson***, 91 A.3d 55, 66 (Pa.

---

[2] Appellant and the trial court have complied with Pa.R.A.P. 1925.

2014) (citation omitted). "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." ***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, --- A.3d ---, 1033 MAL 2013 (Pa. 2014). As an appellate court, we must review "the entire record … and all evidence actually received[.]" ***Id.*** (internal quotation marks and citation omitted). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Commonwealth v. Kearney***, 92 A.3d 51, 64 (Pa. Super. 2014) (citation omitted). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence." ***Id.*** (citation omitted). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013) (citation omitted).

Appellant initially avers that the Commonwealth failed to present sufficient evidence to support his underlying forgery convictions. Appellant's Brief at 14-18, *citing* ***Commonwealth v. DiPiero***, 208 A.2d 912, 915 (Pa.

Super. 1965) (providing, "[t]he misuse of an authorized signature without fraudulent intent [does] not constitute the crime of forgery[]"), *cert. denied*, ***DiPiero v. Pennsylvania***, 382 U.S. 992 (1966). Specifically, Appellant claims "the Commonwealth failed to prove beyond a reasonable doubt that [he] acted with the intent to defraud[] or that he signed the deeds without authorization." ***Id.*** at 14.

The Crimes Code defines forgery in Section 4101(a) as follows.

### § 4101. Forgery.

(a) *Offense defined.* --A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:

(1) alters any writing of another without his authority;

(2) makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or

(3) utters any writing which he knows to be forged in a manner specified in paragraphs (1) or (2) of this subsection.

…

18 Pa.C.S.A. § 4101(a).

Following a jury trial, Appellant was convicted of three counts of forgery pursuant to Section 4101(a)(3). When addressing the sufficiency of the evidence underlying Appellant's forgery convictions, the trial court reasoned as follows.

> The entire thrust of Appellant's defense was that [B]rother verbally authorized him to transfer the deeds to the three properties to himself, notwithstanding the fact that this was never done during [B]rother's lifetime. Rather, [A]ppellant admitted that nine months after [B]rother's death[,] he took the deeds to the three properties, signed [B]rother's name as the grantor, signed his name as the grantee, had them "notarized" and then had each recorded by the Recorder of Deeds. Additionally, the jury heard the testimony of [N]iece and the independent real estate agent demonstrating the attempts by [Brother] to sell the properties during his lifetime. The Commonwealth proved that Appellant altered and recorded the deeds without the authority to do so in order to deprive the rightful owner of the property. … The fact that the jury chose to reject the self-serving testimony of Appellant was due to the abundance of evidence contrary to Appellant's testimony and not the lack thereof.

Trial Court Opinion, 2/10/14, at 7-8.

Herein, the Commonwealth presented evidence from Niece, who stated that Appellant and Brother did not have a relationship and that Brother never intended to give Appellant the property upon his death. N.T., 10/28/13, at 99, 119. Rather, Niece testified that Brother tried to sell the property in 2002 and 2010. *Id.* at 101-102. Specifically, Brother's real estate agent testified that Brother listed the property for sale from August

2009 through February 2010. N.T., 10/29/13, at 8, 11. Brother's real estate agent further testified that he viewed for sale "by owner[]" signs on the property subsequent to February 2010. *Id.* at 11. Niece testified that she maintained the property for Brother during 2011 and updated him on any offers received from potential purchasers of the property. N.T., 10/28/13, at 138-139; *see also* N.T., 10/29/13, at 11 (where Brother's real estate agent testified that he forwarded any further inquiries he received regarding the sale of the property to Niece). Additionally, Brother's estate attorney testified that Brother intended for the entirety of his property to pass to Niece upon his death, as detailed within Brother's 1998 will. N.T., 10/28/13, at 152; *see also id.* at Exhibit C-1. Brother's estate attorney confirmed that Brother chose not to bequeath any property to Appellant within his will. *Id.* at 155. Brother's estate attorney also explained that the three deeds, which purported to transfer the property to Appellant, were signed, dated, and notarized with Brother's name as grantor approximately nine months after his death. *Id.* at 157, 166, 170-171, 173. Upon examining this testimony, we conclude the evidence was sufficient to support Appellant's convictions for forgery. *See Patterson*, *supra*. Accordingly, Appellant's first claim fails.

Within Appellant's second claim, he contests the sufficiency of the evidence sustaining his theft by unlawful taking conviction. Appellant's Brief at 19-20. Appellant's specific argument follows.

> [T]here is no evidence that [Appellant] knew about the aged will or its contents. Further, his claim that his brother… wanted him to have the property at issue was not rebutted beyond a reasonable doubt. As such, the government failed to prove that he was not entitled to the property, or that he acted with the intent to unlawfully benefit himself. Since a person cannot steal that which he is entitled to, no theft occurred.

*Id.*

Instantly, Appellant was convicted of stealing immovable property pursuant to Section 3921(b) of the Crimes Code. The Code delineates the elements of theft by unlawful taking of immovable property as follows.

> **§ 3921. Theft by unlawful taking or disposition.**
>
> …
>
> (b) *Immovable property*.—A person is guilty of theft if he unlawfully transfers, or exercises unlawful control over, immovable property of another or any interest therein with intent to benefit himself or another not entitled thereto.

18 Pa.C.S.A. § 3921(b). The Code also defines "movable property" and "immovable property" as follows.

> *"Movable property."* --Property the location of which can be changed, including things growing on, affixed to, or found in land, and documents although the rights represented thereby have no physical location. "Immovable property" is all other property.

*Id.* § 3901.

In support of the jury's theft conviction, the trial court reasoned as follows.

Here, there was an abundance of evidence to support the jury's verdict that Appellant unlawfully transferred property that belonged to his brother's estate to himself in order to benefit his desire to run his business [on] the property. Although Appellant presented evidence via his own testimony and that of two witnesses that [Brother] purportedly authorized the transfer of the property, the jury did not find Appellant's version of the events to be a credible account, particularly, in light of the fact that the conversation authorizing the transfer occurred nearly ten years before [B]rother's death.

Trial Court Opinion, 2/10/14, at 8.

Similar to Appellant's first issue, the Commonwealth's evidence described above amply supports its theory that Appellant transferred the property of Brother to his own name to benefit himself without authorization. *See supra* at 6-7. Accordingly, the Commonwealth presented sufficient evidence to support Appellant's theft conviction. *See Patterson*, *supra*. Thus, Appellant's second issue likewise fails.

Based upon the foregoing, we conclude Appellant's issues are devoid of merit. Therefore, we affirm Appellant's December 6, 2013 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/19/2014</u>