597 A.2d 690

**COMMONWEALTH of Pennsylvania,**

v.

**Luis A. RIVERA, Appellant.**

Superior Court of Pennsylvania.

Argued June 11, 1991.

Filed Oct. 3, 1991.

122

Dianne M. Dickson, Allentown, for appellant.

A. Renee Smith, Asst. Dist. Atty., Allentown, for Com., appellee.

Before MONTEMURO, BECK and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from a judgment of sentence entered by the Court of Common Pleas of Lehigh County on October 19, 1990. We affirm.

On January 14, 1988, appellant was charged with one count of recklessly endangering another person,[1] one count of aggravated assault,[2] and one count of crimes committed with a firearm.[3] The charge of crimes committed with a firearm was dismissed prior to trial. After a jury trial, appellant was convicted of recklessly endangering another person, but was acquitted of the charge of aggravated assault. Appellant filed post-trial motions in arrest of judgment and for a new trial, which the trial court denied. This timely appeal followed.

Appellant raises the following issues for our consideration:

1. Did the Commonwealth fail to adduce evidence sufficient to support a finding a reckless endangerment beyond a reasonable doubt;

2. Did the court err in permitting the Commonwealth to introduce evidence of prior incidents involving the police and the Riveras [appellant and his wife, the victim];

3. Did the trial court err in affirming the Commonwealth's point for charge number 3;

4. Did the trial court err in permitting Officers Kulp and Serbia to testify as to the content of conversations they had with unidentified passers-by;

5. Did the trial court err in permitting Detective Leh to offer a demonstration using his own personal weapon which was a different make and model from the weapon used on the night in question.

1. 18 Pa.C.S.A. § 2705.
2. Id. § 2702.
3. Id. § 6103.

■ Appellant first argues that the evidence was insufficient to support the conviction of reckless endangerment. Specifically, appellant contends that he shot his wife accidentally and therefore, a conviction of reckless endangerment cannot be sustained. Our standard of review based on the sufficiency of the evidence is quite limited:

> The test for sufficiency of the evidence is whether accepting as true all of the evidence reviewed in the light most favorable to the Commonwealth, together with all reasonable inferences therefrom, the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.

*Commonwealth v. Lovette*, 498 Pa. 665, 669, 450 A.2d 975, 977 (1982); *accord Commonwealth v. Robinson*, 316 Pa.Super. 152, 155, 462 A.2d 840, 841 (1983).

With our standard of review in mind, we must now look at the facts of this case. The incident from which the charges against appellant emanated occurred in appellant's place of business, Rivera's Bar. Appellant and the victim/wife were in the bar on the night of January 13, 1988. The victim was concerned with a gun appellant had purchased to defend himself and his bar from criminal acts, and requested to see it. Appellant took the gun from its hiding place, placed it into the victim's stomach, and the gun fired. Testimony of investigating officers revealed, that while poking the gun into his wife's stomach, appellant stated, "Don't joke with me because I have a gun." The victim was wounded by the bullet fired from the gun. While various officers testified that the appellant told them he did not know the gun was loaded, Officer David Leh, of the Allentown Police Department testified that appellant admitted loading the gun with two or three bullets two weeks prior to the incident. Moreover, appellant told the officer he did not know how to operate the gun. N.T. 8/9/88 at 134.

The crime of recklessly endangering another person is defined as follows:

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S.A. § 2705. This court has previously had occasion to analyze the sufficiency of evidence necessary to sustain a conviction of reckless endangerment. In *Commonwealth v. Trowbridge*, 261 Pa.Super. 109, 395 A.2d 1337 (1978), appellant was convicted of reckless endangerment when she pointed an unloaded BB gun at two police officers. We reversed her conviction holding that the mere pointing of an unloaded gun, without more does not constitute a violation of section 2705. *Id.*, 261 Pa.Superior Ct. at 115 n. 11, 395 A.2d at 1340 n. 11. We reasoned that section 2705 requires the defendant to have actual present ability to inflict harm. Because Mrs. Trowbridge was utilizing an unloaded BB gun, we held there was no violation of section 2705.

In the present case, appellant knew the gun was loaded and pointed it directly into his wife's stomach. He committed this act without any knowledge of how the gun operated, so that he might be able to protect his wife from being accidentally shot. We agree with the lower court which found appellant's conduct grossly reckless and sufficient to convict him of the charge under section 2705.

In his brief, appellant argues that the prosecution wavered between whether his conduct was merely reckless or intentional. Thus, he had to refute the prosecution's charge of "intentional endangerment." He argues that both his testimony and that of his wife to the effect that the shooting was accidental precludes a conviction for reckless endangerment based on intentional conduct. This argument is specious. Even if the shooting itself had been accidental, appellant's conduct in pointing the loaded gun at the victim while lacking knowledge to safeguard against possible misfires was sufficient to convict him of reckless endangerment, regardless of lack of intent to cause her harm.[4]

4. Moreover, we find that the prosecutor's apparent vacillation over whether appellant's conduct was intentional or reckless was conduct

 Appellant next argues that the trial court failed to exclude evidence regarding prior incidents between appellant and his wife which required police intervention. Admissibility of evidence is a matter addressed to the sound discretion of the trial court, and an appellate court may only reverse upon a showing that the trial court abused its discretion. *Commonwealth v. Claypool*, 508 Pa. 198, 203–04, 495 A.2d 176, 178 (1985). The appellate courts in this Commonwealth have consistently held that

> evidence of prior crimes and/or acts of violence are inadmissible merely to show the defendant's propensity for violence or bad character.... However, evidence of prior crimes and violent acts may be admissible to prove (1) motive; (2) intent; (3) absence of mistake or accident; (4) common scheme or plan ...; or (5) to establish the identity of the person charged.

*Commonwealth v. Banks*, 513 Pa. 318, 349–50, 521 A.2d 1, 17 (1987) (citations omitted). The evidence which appellant argues was improperly admitted stems from incidents between appellant and his wife which compelled the police to intervene. The Commonwealth offered this evidence to demonstrate that the hostile relationship between appellant and his wife evidences appellant's intent to shoot his wife. We find this evidence sufficiently falls within the enumerated exception to the rule prohibiting evidence of prior bad acts to show intent.[5]

 Appellant next contends that the trial court erred in charging the jury as to the elements of reckless endangerment since it did not comport with the current Pennsylvania law concerning reckless endangerment. In reviewing jury instructions for prejudicial and reversible error, the charge must be read and considered as a whole. *Common-*

consistent with her attempt to prove both the charges of aggravated assault and reckless endangerment.

5. Regardless of our finding, we fail to see how appellant was prejudiced by this evidence. The Commonwealth proffered the evidence to show that appellant intentionally shot his wife. However, appellant was acquitted of the charge of aggravated assault. That was the only charge for which this evidence was relevant.

*wealth v. Woodward,* 483 Pa. 1, 4, 394 A.2d 508, 510 (1978). Error cannot be predicated on isolated excerpts; it is the general effect of the charge that controls. *Id.* If we conclude that the charge was erroneous, we will grant a new trial unless we determine the error to be harmless. *Commonwealth v. Story,* 476 Pa. 391, 405, 383 A.2d 155, 162 (1978). An error can be harmless only if the appellate court is convinced beyond a reasonable doubt that the error is harmless. *Id.,* 476 Pa. at 405–06, 383 A.2d at 162. Whenever there is a reasonable possibility that an error might have contributed to the conviction, the error is not harmless. *Id.,* 476 Pa. at 409, 383 A.2d at 164. In addition, the trial court's jury instruction will be upheld if it adequately and accurately reflects the law and is sufficient to guide the jury through its deliberations. *Commonwealth v. Early,* 377 Pa.Super. 219, 227, 546 A.2d 1236, 1240 (1988).

 In the instant case, the lower court charged the jury as follows:

> Recklessness and danger shall be presumed where a person knowingly points a loaded firearm at or in the direction of another.

N.T. 8/9/88 at 435. We find that the jury charge presented in this case constitutes error. The charge to the jury states that the jury must find recklessness and danger if it finds that appellant knowingly pointed a loaded gun at another person. In *Trowbridge, supra,* we held:

> the crime of reckless endangerment requires (1) a mens rea—recklessness, (2) an actus reus—some "conduct," (3) causation—"which places," and (4) the achievement of a particular result—"danger," to another person, of death or serious bodily injury.

*Trowbridge, supra,* 261 Pa.Super. at 115, 395 A.2d at 1340; 18 Pa.C.S.A. § 2705. Moreover, where the presumed fact comprises an element of the crime charged, the inference authorized by a presumption can never be compelled by the court. *Commonwealth v. DiFrancesco,* 458 Pa. 188, 193 n. 3, 329 A.2d 204, 207–08 n. 3 (1974). The instruction given by the trial court, without more, required the jury to find

appellant guilty if he knowingly pointed a loaded gun at another person. The effect of the charge is to mandate the jury to find that the particular conduct (i.e., knowingly pointing a loaded gun at another) is always committed recklessly. Section 2705, however, states that the conduct must be committed recklessly. Thus, the charge as given, presumes the element of recklessness and danger. It is solely within the province of the jury to find all the elements of the crime present beyond a reasonable doubt.

The Commonwealth urges us to interpret *Trowbridge,* as holding that recklessness and danger shall be presumed if the defendant knowingly points a loaded gun at another. In contrast, our decision in *Trowbridge* holds that the legislature, in enacting section 2705, did not intend that the mere pointing of an *unloaded* weapon should give rise to criminal liability. *Id.,* 261 Pa.Super. at 116, 395 A.2d at 1341 (emphasis added). While knowingly pointing a loaded weapon at another person may be sufficient to convict a defendant for reckless endangerment, we cannot say that such a result is always mandated, as the trial judge instructed in this case. It is the function of the jury to make the ultimate determination.

 Despite our finding that the charge was given in error, we nevertheless find that the error was harmless. The charge taken as a whole demonstrates that the jury was obligated to find each element of the crime beyond a reasonable doubt. Further, the jury had before it overwhelming evidence that appellant's conduct was reckless. As we stated above, appellant jokingly pointed a loaded gun at his wife without knowing how the gun operated. The recklessness is demonstrated by his inability to take proper precautions while pointing the gun to ensure it wouldn't misfire.

 Appellant next contends that the trial court erred in permitting the attending police officers to testify to conversations between themselves and strangers who apprised them of a fight in appellant's bar. In *Commonwealth v.*

*Underwood,* 347 Pa.Super. 256, 500 A.2d 820 (1985), we adequately addressed the issue presented here. In *Underwood,* the appellant argued that statements of two young adults to police officers that "the man running had just robbed somebody," were hearsay statements and therefore inadmissible. We held:

> Hearsay is an out of court statement offered to prove the truth of the matter asserted. Hearsay is generally inadmissible as evidence because the competency and veracity of the original speaker are not subject to examination.... It is well settled, however, that an out-of-court statement offered to explain a course of conduct is not hearsay. This court has repeatedly upheld the introduction of out-of-court statements for the purpose of showing that based on information contained in the statements, the police followed a certain course of conduct that led to the defendant's arrest.

*Id.,* 347 Pa.Superior Ct. at 259–60, 500 A.2d at 822 (citations omitted). Instantly, the police offered evidence that two strangers told Officers Kulp and Serbia that a fight was occurring at Rivera's bar. This evidence explained to the jury why they entered the bar. The evidence was not offered to prove that a fight had transpired. Therefore, the evidence was admissible as non-hearsay.

█ In his final issue, appellant argues that the trial court erred in allowing Detective Leh of the Allentown Police Department to explain to the jury how a .380 caliber pistol, such as the one appellant utilized, is loaded. Appellant objects on the grounds that Detective Leh demonstrated with a Bernadelli .380 caliber pistol, which was a different make and model from his weapon.[6] He argues that because the guns were sufficiently dissimilar, the demonstration was improper. We disagree.

In *Commonwealth v. McAndrews,* 494 Pa. 157, 430 A.2d 1165 (1981), our supreme court had occasion to address this issue. In that case, appellant, who was on trial for murder,

---

6. The police were unable to locate appellant's weapon after the shooting occurred.

objected to the the admission of a similar weapon to illustrate the testimony of the Commonwealth's ballistics expert. The trial court suppressed the actual murder weapon as fruit of a constitutionally infirm statement appellant gave to police. *Id.*, 494 Pa. at 161–62, 430 A.2d at 1166–67. The court held that the demonstration of a similar weapon was proper where it was used solely to illustrate the expert's relevant testimony. *Id.*

Instantly, the Commonwealth offered the testimony of Detective Leh to demonstrate how to load and fire a .380 caliber semi-automatic pistol. He used a Bernadelli pistol instead of the Berretta appellant owned. The witness explained that the two pistols loaded similarly and were different only in location of one of the safety catches. Appellant elicited testimony that different sears, or gunlock catches, on each gun might cause the guns to fire differently. The Commonwealth offered the evidence to show that appellant knew how to load and fire the gun, and was offered to rebut appellant's contention that the gun fired accidentally. The trial judge specifically limited Detective Leh's testimony to the proper method for loading the weapon and the path of a bullet into the firing chamber. He excluded testimony on the ease of firing the gun. We find that Detective Leh adequately demonstrated that the two weapons were sufficiently similar for purposes of this demonstration. The demonstration was therefore appropriate under *McAndrews, supra.*

Judgment of sentence affirmed.