631 A.2d 1347

**COMMONWEALTH of Pennsylvania**

v.

**G. Scott DIETTERICK, III, Appellant.**

Superior Court of Pennsylvania.

Argued June 24, 1993.

Filed Oct. 14, 1993.

182

Stephen K. Urbanski, Kingston, for appellant.

Scott Gartley, Asst. Dist. Atty., Wilkes–Barre, for Com., appellee.

Before CAVANAUGH, HUDOCK and CERCONE, JJ.

CERCONE, Judge.

This is an appeal from the judgment of sentence entered by the trial court on July 17, 1992. For the reasons set forth below, we affirm.

Appellant was arrested and charged with thirteen counts of tampering with public records or information, five counts of unsworn falsification to authority, and one count of forgery. The trial court concisely summarized the history of this case as follows:

In October 1990, a jury found the defendant guilty of each and every charge filed against him, which totaled 19 in all.

The prosecution charged that from 1984–1987 the defendant fraudulently presented bogus certificates of insurance to several school districts. The school districts involved were Nanticoke Area School District, Wyoming Valley West School District and Wilkes–Barre Area School District. The essence of the charges was that the defendant falsely

represented to the school districts that they were covered by One Million Dollars ($1,000,000.00) worth of liability insurance when in fact they were grossly underinsured. The following chart displays the various representations of the defendant:

|  | 1984–85 | 1985–86 | 1986–87 |
| --- | --- | --- | --- |
| At School District | Nanticoke $1,000,000.00 | Nanticoke $1,000,000.00 | Nanticoke Wilkes–Barre Wyoming Valley West $1,000,000.00 |
| At Insurance Company | $500,000.00 | 0 | $350,000.00 |

---

In addition, the defendant told the Auditor General's Office that he had no idea where one certificate bearing the signature of Mary Sumption came from. The FBI determined that, in fact, the defendant had forged Mary Sumption's name.

In addition to the above, the defendant was charged with forgery in Count 1 of Criminal Action 3161 of 1989 for issuing a certificate of insurance with the forged name of Mary Sumption.

Trial Court Opinion dated 5/29/92 at 1–2. After a jury trial, appellant was convicted on all counts. Appellant timely filed post-verdict motions which the trial court denied. This appeal followed.

Appellant raises the following issues for our review:

[I.] Was the arrest and all subsequent proceedings illegal and in violation of [appellant's] rights due to the fact that the affiants, arresting officers, and prosecutors were Luzerne County Detectives?

[II.] Did the trial court err in failing to dismiss the charges against [appellant or in not granting] a mistrial in the case due to prosecutorial misconduct involving a subpoenaed defense witness, Harvey Nielsen?

[III.] Did the trial court err in failing to grant a mistrial due to the irrelevant and prejudicial testimony of Vincent

Lapinski and his mother, Darlene Mitchell relating to a bus accident and Vincent Lapinski's injuries?

[IV.] Did the trial court err in allowing Vincent Lapinski, Darlene Mitchell, Donald Bailey (the former Auditor General) and Richard Angstadt to testify as Commonwealth's witnesses where their identity was not disclosed to the defense during informal discovery nor to the prospective jurors during voir dire?

[V.] Did the trial court err in failing to sustain [appellant's] demurrer?

[VI.] Did the trial court err in failing to properly instruct the jury on the law and in failing to properly instruct the jury on the numerous points for charge as requested by [appellant]?

[VII.] Were the verdicts contrary to the law and against the weight of the evidence?

We have reviewed the parties' briefs and certified record and find that the trial court's resolution of Issues II, III, V and VII is correct. We therefore, affirm on the basis of the trial court opinion filed June 2, 1992 with regard to these issues. We will address appellant's remaining issues in the order raised above.

■ In his first issue, appellant argues that his arrest and prosecution were illegal "due to the fact that the affiants in the Criminal Complaints, the arresting officers and the Prosecutors in the Informations are Luzerne County Detectives." Appellant's Brief at 9. In this regard, appellant contends that by statute, county detectives have no right to arrest and prosecute. Appellant maintains that 16 P.S. § 1440(d) restricts the powers of county detectives to the same powers vested in constables. After reviewing the plain language of section 1440(d) as well as our holding in *Commonwealth v. Frombach*, 420 Pa.Super. 498, 617 A.2d 15 (1992), we disagree.

"It is well settled that '[w]hen vesting a group with police powers and duties, the Legislature does so with specificity.'" *Id.* at 505, 617 A.2d at 19 (quoting *Allegheny County Deputy Sheriff's Assoc. v. Pennsylvania Labor Relations Board*, 95

Pa.Cmwlth. 132, 135, 504 A.2d 437, 439 (1986); in turn quoting *Commonwealth v. Pennsylvania Labor Relations Board,* 64 Pa.Cmwlth. 525, 532, 441 A.2d 470, 475 (1982), *affirmed in part and reversed in part,* 502 Pa. 7, 463 A.2d 409 (1983)). Section 1440 of title 16 provides that county detectives:

> shall be general police officers *and* shall have the powers conferred on Constables by the laws of this Commonwealth, so far as they relate to criminal law and procedure.

16 P.S. § 1440(d) (emphasis added). The rules of statutory construction mandate that where the words of a statute are clear and unambiguous, the letter of the statute is not to be disregarded in order to pursue its spirit. 1 Pa.C.S.A. § 1921. Moreover, every statute is to be construed, if possible, so as to give effect to all its provisions. *Id.* § 1921(a).

Under the plain language of the statute, county detectives are specifically granted the powers of both general police officers *and* constables. To interpret this statute as granting county detectives only those powers conferred upon constables would totally negate the preceding phrase which grants county detectives "general police powers." Clearly, this interpretation would not give effect to all provisions of 16 P.S. § 1440(d) and would constitute .a strained interpretation of the plain language of the statute. This interpretation is supported by our decision in *Commonwealth v. Frombach, supra.*

■ In *Frombach,* this court was asked to determine whether county detectives had the authority to enforce the Vehicle Code. In addressing this issue, we stated:

> After careful review of the relevant legislative provisions and applicable case law, it appears that the legislature has expressed a clear intent to classify county detectives as police officers who possess general police power to enforce the laws of this Commonwealth.

*Commonwealth v. Frombach,* 420 Pa.Super. at 506, 617 A.2d at 20. Guided by our reasoning in *Frombach,* we find that county detectives possess general police power to enforce the laws of the Commonwealth, and are not limited to only those powers conferred upon constables. Accordingly, we find that

the county detectives in this case had the authority, pursuant to the warrants issued by a magistrate, to arrest and prosecute appellant.

Next, appellant argues that the trial court improperly permitted Vincent Lapinski, Darlene Mitchell, Donald Bailey (the former Auditor General) and Richard Angstadt to testify as Commonwealth's witnesses where their identity was not disclosed to the defense during informal discovery nor to the prospective jurors during voir dire. It is well-settled that the admissibility of evidence is a matter left to the sound discretion of the trial court, and an appellate court may reverse only upon a showing that the trial court abused its discretion. *Commonwealth v. Wallace,* 522 Pa. 297, 309 n. 15, 561 A.2d 719, 725 n. 15 (1989). Evidence is admissible if, and only if, it is relevant: the evidence must logically or reasonably tend to prove or disprove a material fact in issue, to make such a fact more or less probable, or afford a basis or support for a reasonable inference or presumption regarding the existence of a material fact. *Commonwealth v. Ingram,* 404 Pa.Super. 560, 576, 591 A.2d 734, 742 (1991), *allocatur denied,* 530 Pa. 631, 606 A.2d 901 (1992). *Accord Commonwealth v. Stewart,* 461 Pa. 274, 336 A.2d 282 (1975). Here, appellant does not contend that the evidence was irrelevant. Instead, appellant argues that the trial court should not have admitted the testimony from these witnesses because the Commonwealth failed to identify them prior to trial. We disagree. The Rules of Criminal Procedure require only that the Commonwealth disclose the identity of eyewitnesses. Pa.R.Crim. P., Rule 305, 42 Pa.C.S.A. None of the witnesses listed by appellant was an eyewitness to the alleged criminal activity. The Commonwealth is under no obligation to disclose the names of all its witnesses to the defendant. *Commonwealth v. Colson,* 507 Pa. 440, 463, 490 A.2d 811, 823 (1985), *cert. denied,* 476 U.S. 1140, 106 S.Ct. 2245, 90 L.Ed.2d 692 (1986); *Commonwealth v. Bey,* 294 Pa.Super. 229, 237, 439 A.2d 1175, 1179 (1982). Because none of the witnesses named by appellant were eyewitnesses, even the discretionary provision was inap-

plicable. Accordingly, we find no error on the part of the trial court in denying appellant relief on this basis.

Finally, appellant argues that the trial court did not fully and adequately charge the jury. In his brief, appellant contends that the trial court did not instruct the jury on his requested points for charge Nos. 19 through 34. However, appellant's requested points of charge, while included in the Reproduced Record, are not part of the certified record on appeal. We are limited to considering only those facts which have been duly certified in the record on appeal. *Commonwealth v. Osellanie*, 408 Pa.Super. 472, 476, 597 A.2d 130, 131 (1991). For purposes of appellate review, what is not of record does not exist. *Frank v. Frank*, 402 Pa.Super. 458, 463 n. 5, 587 A.2d 340, 342–43 n. 5 (1991).

We note that appellant's post-trial motions raise only a general allegation that the trial court:

> erred in failing to inform the jury in the Court's charge of the exact charges involved in the informations and in failing to explain the exact charges involved in the informations. The Court should have read the informations to the jury and should have explained the elements of the charges set forth in the informations.

Appellant's Post-trial Motions filed October 12, 1990. The trial court, in its opinion filed June 2, 1992, stated that the appellant's requested points for charge referred to the standard instructions and that it covered these points. Trial Court Opinion at 7. However, the trial court opinion vaguely addressed appellant's concerns regarding its explanation of the elements of forgery. Accordingly, we will address appellant's allegation of error in this regard.

In reviewing jury instructions for prejudicial and reversible error, the charge must be read and considered as a whole. *Commonwealth v. Woodward*, 483 Pa. 1, 4, 394 A.2d 508, 510 (1978). *Accord Commonwealth v. Rivera*, 409 Pa.Super. 120, 127, 597 A.2d 690, 694 (1991). Error cannot be based upon isolated excerpts; it is the general effect of the charge that controls. *Id.* If we conclude that a charge is erroneous,

we will grant a new trial unless the error is deemed harmless. *Commonwealth v. Rivera*, 409 Pa.Super. at 128, 597 A.2d at 694. An error is deemed harmless only if the appellate court is convinced beyond a reasonable doubt that the error is harmless. *Commonwealth v. Story*, 476 Pa. 391, 405–06, 383 A.2d 155, 164 (1978). Moreover, a jury instruction will be upheld if it "adequately and accurately reflects the law and is sufficient to guide the jury through its deliberations." *Commonwealth v. Rivera*, 409 Pa.Super. at 128, 597 A.2d at 694 (citing *Commonwealth v. Early*, 377 Pa.Super. 219, 227, 546 A.2d 1236, 1240 (1988)).

Appellant contends that the trial court inadequately instructed the jury on the elements of forgery by failing to advise the jury that the writing must be capable of "working an injury" to another. Appellant cites this court's decisions in *Commonwealth v. DiPiero*, 205 Pa.Super. 312, 208 A.2d 912 (1965), *cert. denied*, 382 U.S. 992, 86 S.Ct. 574, 15 L.Ed.2d 479 (1965), and *Commonwealth v. Bollinger* 274 Pa.Super. 112, 418 A.2d 320 (1979) in support. However, we find that these cases summarized the law regarding forgery, as defined in 18 P.S. 5014 (repealed). The essential elements of the crime of forgery, as defined in 18 P.S. § 5014 (repealed), consist of: "(1) the false making of some instrument in writing, (2) the instrument must be apparently capable of effecting a fraud and working an injury to another, and (3) there must be a fraudulent intent." *Commonwealth v. DiPiero*, 205 Pa.Super. at 317, 208 A.2d at 914. Here, however, appellant was arrested and charged with forgery under section 4101 of the Crimes Code.

Section 4101 of the Crimes Code, effective June 6, 1973, sets forth a broader definition of forgery:

A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:

(2) makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize the act[.]

18 Pa.C.S.A. § 4101(a)(2). At trial, the trial court instructed the jury as follows:

Now, this one is the first count of criminal action No. 3161 of 1989, and this charges[:]

The District Attorney of Luzerne County charges that between June, 1985 and June of 1986, this defendant, in said County did, with the intent to defraud the Greater Nanticoke Area School District with knowledge that he was facilitating a fraud to be perpetrated, by anyone, did make, complete, execute, authenticate, issue or transfer a writing, to wit, a certificate of insurance for Harvey and Jacqueline Nielsen regarding a National Indemnity policy number BP180953 issued between June of 1985 and June of 1986, and did sign the forged signature of Mary Sumption to the said certificate of insurance so that it purported to be the act of Mary Sumption, who did not authorize the said act.

Now, members of the jury, that charges the crime of forgery.

I am now going to touch on each one of those various crimes.

\* \* \* \* \* \*

Now, I have already discussed briefly with you the crime of forgery.

One, there must be a false writing;

Two, the instrument must be capable of defrauding; and,

Three, it was intended to defraud.

N.T. 9/24/90 through 10/5/90 at 12771, 1273 (emphasis added). We find that this instruction adequately summarizes the elements of forgery as set forth in 18 Pa.C.S.A. § 4101.

█ It is unclear whether appellant detailed his remaining allegations of error before the trial court. Although an issue may be contained in written post-trial motions, unless it is briefed or argued during post-trial proceedings, the issue is waived for purposes of appellate review. *Commonwealth v. Holzer*, 480 Pa. 93, 389 A.2d 101 (1978). *See also Commonwealth v. Manigault*, 501 Pa. 506, 462 A.2d 239 (1983) (where

issues stated in post-trial motions are not briefed or argued in the lower court, issues are waived on appeal). Moreover, because appellant has not included his requested points for charge in the certified record, we are unable to determine whether appellant preserved these issues at trial, or whether the requested points for charge, if issued, would have cured the alleged error. We find, however, that the trial court adequately reviewed the elements of the offenses charged and that its charge as a whole, "adequately and accurately reflects the law and [was] sufficient to guide the jury through its deliberations." *Commonwealth v. Rivera, supra.*

Judgment of sentence affirmed.