J-S27009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM JOSEPH DUNN, JR. | : | |
| | : | |
| Appellant | : | No. 3049 EDA 2017 |

Appeal from the Judgment of Sentence March 28, 2017
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0002656-2016

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 28, 2018**

William Joseph Dunn, Jr. ("Appellant") appeals *nunc pro tunc* from the judgment of sentence entered on March 28, 2017, in the Court of Common Pleas of Chester County.  We affirm.

This case arose from Appellant signing the name of his ex-wife, Jacqueline Sutton Dunn ("Ms. Dunn"), to a mortgage modification document without her permission and submitting the document to CitiMortgage.  Upon learning of Appellant's actions, Ms. Dunn filed a private criminal complaint, and Appellant was charged with forgery and related offenses.  Following a two-day trial, a jury found Appellant guilty of Forgery-unauthorized writing; Forgery-uttering a known forged writing; Identity Theft; and Tampering with

Records or Identification.[1]  The trial court sentenced Appellant on March 28, 2017, to incarceration for an aggregate term of seven days to twelve months, followed by one year of probation.  Appellant filed a timely notice of appeal, but this Court dismissed the appeal for failure to comply with Pa.R.A.P. 3517 (Docketing Statement).  Order, 5/26/17.  Appellant filed a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546, which resulted in the reinstatement of his direct appeal rights.  PCRA Petition, 8/24/17; Order, 8/29/17.  Appellant filed a timely notice of appeal *nunc pro tunc*; Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following questions for our review:

I.  Whether the evidence presented at trial was insufficient to support convictions on the counts charging forgery?

II.  Whether the trial court erred in denying Appellant's request to charge the jury on the necessity defense of "greater harm or evil?"

Appellant's Brief at 5.

Appellant first claims that "the Commonwealth failed to present sufficient evidence that Appellant acted with the intent to defraud or injure anyone, or with knowledge that he was facilitating a fraud or injury." Appellant's Brief at 9.  Specifically, Appellant contends, "the Commonwealth failed to present evidence that Ms. Dunn suffered any financial loss or harm as a result of Appellant's actions."  *Id.* at 10.

---

[1] 18 Pa.C.S. §§ 4101(a)(2), 4101(a)(3), 4120(a), and 4104(a), respectively.

In response, the Commonwealth asserts that, contrary to Appellant's claim, Ms. Dunn did suffer harm: "After [Appellant] forged Ms. Dunn's signature, Ms. Dunn tried to get preapproved for a mortgage to purchase property. Ms. Dunn was denied that loan, in part, due to the mortgage debt [for] which [Appellant] fraudulently committed her to being responsible. . . ." Commonwealth's Brief at 11–12. Additionally, the Commonwealth submits that "[Appellant] conveniently ignores the other victim in the case, CitiMortgage. . . . CitiMortgage believed two people agreed to be responsible for the debt when Ms. Dunn never agreed to accept such responsibility." *Id.* at 11.

In reviewing the sufficiency of the evidence, we consider:

[w]hether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Fortson*, 165 A.3d 10, 14–15 (Pa. Super. 2017) (quoting

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011)) (original

internal brackets omitted).

The statute regarding forgery provides, in relevant part, as follows:

**(a) Offense Defined.**—A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:

\* \* \*

(2) makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or

(3) utters any writing which he knows to be forged in a manner specified in paragraphs (1) or (2) of this subsection.

18 Pa.C.S. § 4101(a). To establish the crime of forgery, the Commonwealth

must prove that there was a false writing, that the instrument was capable of

deceiving, and that the defendant intended to defraud. *Commonwealth v.*

*Fisher*, 682 A.2d 811, 815 (Pa. Super. 1996) (citing *Commonwealth v.*

*Dietterick*, 631 A.2d 1347, 1352 (Pa. Super. 1993)). "By its plain language,

the statute requires only that the act be committed with 'intent to defraud or

injure,' not that the defendant have succeeded in his endeavor."

*Commonwealth v. Shamberger*, 788 A.2d 408, 413 (Pa. Super. 2001)

(citing *Commonwealth v. Sheaffer*, 23 A.2d 215, 219 (Pa. Super. 1941)).

Intent to defraud is an essential element of forgery. *Commonwealth v.*

- 4 -

*Leber*, 802 A.2d 648, 651 (Pa. Super. 2002) (citing *Dietterick*, 631 A.2d 1347).

The trial court disposed of Appellant's sufficiency claim with the following analysis:

> [Appellant] admitted to the facts that he purposely signed Ms. Dunn's name to the mortgage modification document without her permission and submitted the document to CitiMortgage to obtain the modification. This document resulted in binding Ms. Dunn and [Appellant] to pay the principle amount of $186,902.15 plus interest over 40 years. [Appellant] argues that the Commonwealth failed to establish that [Appellant] acted "with the specific 'intent to defraud or injure.'"
>
> [Appellant] focuses on the intent to defraud language in the statute, but ignores [the] fact that the statu[t]e contains further language regarding mens rea. Specifically, the statute states that "a person is guilty of forgery if, with intent to defraud or injure anyone, <u>or with knowledge that he is facilitating a fraud</u>…." 18 Pa.C.S.A. § 4101(a) (emphasis added). There is no question that [Appellant] knew that he was facilitating the fraud by signing Ms. Dunn's name to the document and submitting it to CitiMortgage. Accordingly, this element is satisfied.
>
> Turning to the issue of intent, we examined case law with regard to this issue. In the case of <u>Commonwealth v. Ryan</u>, the defendant had argued that the Commonwealth failed to present any evidence showing that he intended to defraud or injure the Econo Lodge, the only victim listed in the information. 909 A.2d 839, 845 (Pa.Super. 2006). The <u>Ryan</u> court determined that "in order to be found guilty of forgery under Section 4101(a)(3), Ryan must have intended to defraud or injure someone, or acted with the knowledge that he was facilitating such a fraud or injury." <u>Id.</u> The <u>Ryan</u> court found that the evidence in that case indicated that Ryan, in order to secure his final payment, presented an altered permit to Econo Lodge to convince it that the township had inspected and approved his work. <u>Id.</u> The <u>Ryan</u> court held that "a jury could conclude from such evidence that, in forging the permit, Ryan had a fraudulent intent." <u>Id.</u>

Similarly, in the case at hand, in order to secure the loan modification, [Appellant] signed Ms. Dunn's name without her permission and presented that document to CitiMortgage. It is abundantly clear that the jury concluded from such evidence that in doing so, [Appellant] had a fraudulent intent. Therefore, [Appellant's] argument on appeal that the evidence was insufficient to support his forgery conviction[s] is without merit ….

Trial Court Opinion, 12/15/17, at 21–22.[2]

Upon review of the evidence admitted at trial in the light most favorable to the Commonwealth, we conclude there was sufficient evidence to enable the jury to find there was a false writing, that the instrument was capable of deceiving, and that Appellant intended to defraud CitiMortgage by signing Ms. Dunn's name on the mortgage modification document without her authority. *Fortson*, 165 A.3d at 14; *Fisher*, 682 A.2d at 815. Appellant's assertion that no one was actually harmed by his actions is irrelevant, as intent to defraud is sufficient to establish forgery. *Shamberger*, 788 A.2d at 413; *Leber*, 802 A.2d at 651. His assertion is also inaccurate, as both Ms. Dunn and CitiMortgage were harmed by his forgery. Thus, Appellant's first issue does not warrant relief.

Appellant's second claim is that the trial court erred in denying his request for a jury charge on the defense of necessity. Appellant's Brief at 12.

---

[2] We correct the trial court's statement that the jury found Appellant guilty under subsections (a)(1) and (a)(3) of the forgery statute, 18 Pa.C.S. § 4101. Trial Court Opinion, 12/15/17, at 20. The jury found Appellant guilty under subsections (a)(2) and (a)(3). Verdict Sheet, 1/25/17, at ¶ 1.

According to Appellant, signing Ms. Dunn's name to the mortgage modification was necessary to save his home from a pending foreclosure action. *Id.* at 15.

The Commonwealth responds, "[T]he evidence established that there were other options [Appellant] could pursue, yet he chose not to pursue them. Thus, the requested jury instruction was inapplicable and the trial court properly refused to provide it to the jury." Commonwealth's Brief at 16.

When evaluating the propriety of jury instructions:

> this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa. Super. 2014). Additionally, "jury instructions regarding particular crimes or defenses are not warranted where the facts of the case do not support those instructions." *Commonwealth v. Washington*, 692 A.2d 1024, 1028 (Pa. 1997).

The Pennsylvania Crimes Code defines justification as follows:

> **(a) General rule.**--Conduct which the actor believes to be necessary to avoid a harm or evil to himself or to another is justifiable if:
>
> > (1) the harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged;
> >
> > (2) neither this title nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and

> (3) a legislative purpose to exclude the justification claimed
> does not otherwise plainly appear.

18 Pa.C.S. § 503.  The elements of a successful justification defense include the following:

> (1)     that the actor was faced with a clear and imminent harm, not one which is debatable or speculative;
>
> (2)     that the actor could reasonably expect that the actor's actions would be effective in avoiding this greater harm[;]
>
> (3)     that there is no legal alternative which will be effective in abating the harm; and,
>
> (4)     that the Legislature has not acted to preclude the defense by a clear and deliberate choice regarding the values at issue.

***Commonwealth v. Manera***, 827 A.2d 482, 484 (Pa. 2003) (quoting ***Commonwealth v. Capitolo***, 498 A.2d 806, 809 (Pa. 1985)).

"When there is evidence to support the defense, it is for the trier of fact to pass upon that evidence and improper for the trial judge to exclude such consideration by refusing the charge."  ***Commonwealth v. Clouser***, 998 A.2d 656, 658 (Pa. Super. 2010) (quoting ***Commonwealth v. DeMarco***, 809 A.2d 256, 260–261 (Pa. 2002)).  However:

> [a]s with any offer of proof, it is essential that the offer meet a minimum standard as to each element of the defense so that if a jury finds it to be true, it would support the affirmative defense—here that of necessity. This threshold requirement is fashioned to conserve the resources required in conducting jury trials by limiting evidence in a trial to that directed at the elements of the crime or at affirmative defenses raised by the defendant. Where the proffered evidence supporting one element of the defense is insufficient to sustain the defense, even if believed, the trial court

has the right to deny use of the defense and not burden the jury with testimony supporting other elements of the defense.

*Id.* at 659 (quoting *Capitolo*). The burden is on the defendant to proffer sufficient evidence to be entitled to a jury instruction on justification. *Id. See also Manera*, 827 A.2d at 485 n.7 ("Because justification is an affirmative defense, the defendant has the burden of asserting an appropriate offer of proof in order to be entitled to a jury instruction on justification.").

The trial court addressed this claim of error as follows:

[Appellant] specifically requested the following to be charged to the jury:

"**PA.SSCrim.J. I. 9.503**  Justification is a defense if the defendant reasonably believed that his actions were necessary to avoid harm or an evil to himself that was or would have been greater than the crime with which he was charged."  (Defendant's Requested Jury Instructions, filed January 23, 2017.)

First, it must be noted that the language set forth by [Appellant] as the Standard Jury Instruction 9.503 is not accurate. . . .

This standard instruction addresses the use of deadly and non-deadly force in the defense of property.  That is not applicable to the facts in the case at hand.  This court believes [Appellant] meant to reference justification generally under the crimes code in 18 Pa.C.S.A. § 503, with no standard Jury Instruction.  The Commonwealth objected to [Appellant's] proposed justification defense.

* * *

[Appellant] had failed to meet the minimum standard as to each element of the justification defense and, therefore, it was proper for the court to not charge the jury on justification. Specifically, [Appellant] was not faced with clear and imminent harm, [Appellant's] actions did not avoid a greater harm and there

was a legal alternative which would have been effective in abating the harm.

The basis of [Appellant's] argument for the justification defense is that he believed that Ms. Dunn had an obligation to help him obtain the loan modification, his home was in foreclosure proceedings, he did not want to lose the house[,] and he did not want to go into bankruptcy proceedings again. [Appellant] asserts that his actions of signing Ms. Dunn's name to the document and submitting it to CitiMortgage in order to get the loan modification did not injure anyone. He argues that he was justified in committing the fraud. We disagree.

As the evidence establishe[d], [Appellant] testified that losing the property to foreclosure was not imminent because he could have tied up the foreclosure in litigation for years. The evidence also established that there were other legal alternatives to forging Ms. Dunn's name. [Appellant] testified that Mr. Claffy and Mr. Hanson advised him of his options. [Appellant] admitted to rejecting these options, including another bankruptcy. He opted to commit the crime of forgery in order to do things his way, because Ms. Dunn would not "help" him.

[Appellant] failed to recognize that Ms. Dunn was under no obligation to help him. They had been divorced since 2010. He failed to fulfill the divorce property settlement terms by removing her name from the mortgage by April 30, 2013. Ms. Dunn remained obligated under that loan for years beyond that date. [Appellant's] failure to pay the mortgage as ordered in the property settlement agreement . . . actually put Ms. Dunn in a position of having her credit rating negatively affected with a foreclosure. Ms. Dunn had an absolute right to not sign the proposed loan modification document[] because it would have bound her to a new 40 year mortgage with a higher principal amount. Ms. Dunn had a right not to sign it even if it was for better terms. She had a right of free choice, whether or not [Appellant] agreed with it.

[Appellant's] actions did not avoid a greater harm. His illegal actions selfishly only helped him to proceed in the manner in which he wanted. Having failed to meet the elements of the justification defense, the court properly denied his request to charge the jury on said defense. . . .

Trial Court Opinion, 12/15/17, at 32, 34, 38–40 (footnote omitted).

Upon review of the jury instructions and Appellant's proffer in support of necessity, we conclude that the facts of the case did not support a jury instruction on the justification defense. **Washington**, 692 A.2d at 1028. In reaching this conclusion, we rely on the well-reasoned opinion of the trial court set forth above. Thus, Appellant's second issue does not warrant relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/28/18