J-A08045-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LESTER C. DIETRICH, JR., | : | |
| | : | |
| Appellant | : | No. 1023 MDA 2014 |

Appeal from the Judgment of Sentence Entered October 10, 2012
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0004106-2011

BEFORE:    SHOGAN, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED MAY 28, 2015**

Lester C. Dietrich, Jr. (Appellant) appeals from the October 10, 2012

judgment of sentence imposed following his convictions by a jury for

aggravated assault and resisting arrest.[1]  We affirm.

The trial court summarized the history of this case as follows.

On July 14, 2011, at approximately 2:00 a.m., Officer
Brent Smith was on duty as a patrol officer in Columbia
[Borough, Lancaster County].  Officer Smith noticed [Appellant]
standing on the corner of the street, appearing disoriented and
with several items lying on the ground in front of his feet.
Officer Smith decided to make contact with [Appellant] and
noticed a strong odor of alcohol coming from his breath, slurred
speech, disorientation, and an open, almost empty bottle of
Scotch whiskey at [Appellant's] feet.  While Officer Smith was
making contact with [Appellant], Sergeant [Marc] Tremblay
arrived to assist Officer Smith.  When Officer Smith turned his
back to [Appellant], Sergeant Tremblay saw [Appellant] turn

---

[1] The trial court also found Appellant guilty of the summary offense of public
drunkenness.

*Retired Senior Judge assigned to the Superior Court.

sideways to Officer Smith, pull out a knife, open the blade, and stand with the blade along his thigh. Sergeant Tremblay yelled that [Appellant] had a knife and Sergeant Tremblay grabbed [Appellant] and pushed him away from Officer Smith while locking [Appellant's] arm behind his back. [Appellant] was then handcuffed and taken to Sergeant Tremblay's police cruiser; [Appellant] struggled with the police on the way to the cruiser. When [Appellant] was finally in the cruiser, he laid his back along the seat and kicked Sergeant Tremblay squarely in the chest. [Appellant] was wearing work boots at the time and the kick propelled Sergeant Tremblay back away from [Appellant]. Once Appellant arrived at the police station, he continued to be aggressive and uncooperative; [Appellant] was placed in a cell where he continued to yell, scream, and rattle the bars.

[Appellant] was charged with two counts of aggravated assault, one count of resisting arrest, and one count of summary public drunkenness. On December 21, 2011, at the time for [Appellant's] preliminary hearing, the district attorney present agreed to withdraw the felony 1 aggravated assault charge based on the understanding that [Appellant] would waive and plead guilty to the felony 2 aggravated assault charge[]. [Appellant] waived his hearing, but elected to go to trial on July 16, 2012; the Commonwealth reinstated the count of aggravated assault that had been previously withdrawn. At the time of trial, defense counsel raised an objection to reinstating the original charge of aggravated assault. Defense counsel also made two oral motions *in limine* to prohibit any testimony about what occurred at the police station after the arrest and to exclude any testimony regarding the knife. The aggravated assault at count 1, regarding the assault by physical menace with the knife, was withdrawn at the time of trial and the Commonwealth proceeded only on the aggravated assault regarding the kick to Sergeant Tremblay. The court denied [Appellant's] motions *in limine*.

The case proceeded to trial on counts 2, 3, and 4. While the jury was deliberating, it requested the police reports and affidavit of arrest to read. The court denied the request, as the reports and affidavit had not, in their entirety, been submitted into evidence. On July 17, 2012, [the] jury found [Appellant] guilty of aggravated assault and resisting arrest or other law enforcement. The court found [Appellant] guilty of the summary

public drunkenness charge. [Appellant] was sentenced on October 12, 2013 to a term of one to two years [of] incarceration, followed by three years of probation. [Appellant] filed a timely post-sentence motion, which was denied by order of November 2, 2012.

Trial Court Opinion, 9/25/2014, at 1-3 (citations, footnotes, and unnecessary capitalization omitted).

Appellant's first appeal was quashed by this Court as untimely filed. Upon Appellant's petition, the trial court reinstated Appellant's direct appeal rights, after which Appellant timely filed the instant appeal. Appellant presents this Court with the following questions, which we have reordered for ease of disposition.

> I. Did the trial court err in denying [Appellant's] motion for a directed verdict of acquittal on the count of aggravated assault and ther[e]by abuse its discretion?
>
> II. Did the trial court abuse its discretion when it denied [Appellant's] motion for a directed verdict of acquittal on the count of resisting arrest?
>
> III. Did the trial court err in allowing the prosecution to amend the charges 10 days prior to the trial date?
>
> IV. Did the trial court err in denying [Appellant's] motion *in limine* regarding actions that may have occurred in the police station where no subsequent charges were filed and in turn put on character evidence of [Appellant] prior to any testimony from any character witnesses of the defendant and in turn shift the burden to [Appellant] and force [Appellant] to put on testimony?
>
> V. Did the trial court err in denying [Appellant's] motion *in limine* regarding a knife in [Appellant's] possession when the Commonwealth failed to bring any charges in relation to the

knife and went out of their way to amend the charges to remove any charge relating to the knife?

    VI.    Did the trial court err when it refused to allow the jurors to read the police reports and arrest affidavit when the foreperson specifically requested it?

Appellant's Brief at 7-8 (unnecessary capitalization omitted).

We first consider Appellant's claims that the trial court erred in denying his motion for judgment of acquittal on the aggravated assault and resisting arrest charges.

    A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge.

    The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.  Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Hutchinson***, 947 A.2d 800, 805 (Pa. Super. 2008) (quoting ***Commonwealth v. Andrulewicz***, 911 A.2d 162, 165 (Pa. Super. 2006)). "Because evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Johnson***, 107 A.3d 52, 66 (Pa. 2014) (citations and internal quotation marks omitted).

Appellant first challenges the sufficiency of the evidence to sustain his aggravated assault conviction. "A person is guilty of aggravated assault if he: … attempts to cause or intentionally or knowingly causes bodily injury to [a police officer] in the performance of duty[.]" 18 Pa.C.S. § 2702(a)(3) and (c)(1). Bodily injury is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301.

Appellant claims that his aggravated assault conviction is supported by insufficient evidence because "Sergeant Tremblay, the victim of the kick, clearly indicated that he did not feel substantial pain and was able to perform his duties for the remainder of his shift." Appellant's Brief at 18 (citing ***Commonwealth v. Wertelet***, 696 A.2d 206 (Pa. Super. 1997)).[2] We disagree.

---

[2] Appellant's reliance upon ***Wertelet*** is misplaced. In that case, this Court held that the evidence was insufficient to establish that the officer sustained actual bodily injury, and did not discuss whether the evidence supported a conviction based upon an **attempt** to cause injury. ***See Wertelet***, 696 A.2d at 212-13 (holding evidence that woman kicked officer with the back of

- 5 -

"'[I]n a prosecution for aggravated assault on a police officer[,] the Commonwealth has no obligation to establish that the officer actually suffered a bodily injury; rather, the Commonwealth must establish only an **attempt** to inflict bodily injury, and this intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury.'" ***Commonwealth v. Rahman***, 75 A.3d 497, 501 (Pa. Super. 2013) (quoting ***Commonwealth v. Brown***, 23 A.3d 544, 560 (Pa. Super. 2011)) (emphasis in original).  "An 'attempt' exists when 'the accused intentionally acts in a manner which constitutes a substantial or significant step toward perpetrating … bodily injury upon another.'" ***Commonwealth v. Stevenson***, 894 A.2d 759, 774 (Pa. Super. 2006) (quoting ***Commonwealth v. Galindes***, 786 A.2d 1004, 1012 (Pa. Super. 2001)).

Here, the Commonwealth offered testimony that Appellant reared back and kicked Sergeant Tremblay squarely in his chest with the bottom of his work-boot-clad foot with enough force to throw Sergeant Tremblay backwards.  N.T., 7/16/2012, at 50, 78-79.  Although Sergeant Tremblay was wearing a bulletproof vest at the time and was thus unhurt by the kick, ***id.*** at 88, the jury had sufficient evidence upon which to conclude that

---

her heel as she flailed about was insufficient to prove that the officer "experienced a 'bodily injury' within the meaning of the statute" where the officer did not report any bruising or swelling as a result).

Appellant acted with the intent to cause impairment or substantial pain.[3]

Accordingly, the trial court did not err in denying Appellant's motion for a judgment of acquittal on the aggravated assault charge. *See*, *e.g.*, *Brown*, 23 A.3d at 560 (holding evidence was sufficient to establish the attempt to cause bodily injury to a police officer where Brown flailed his arms, repeatedly striking the officer on the arm, shoulder, and mouth).

Appellant next claims that the evidence was insufficient to sustain his conviction for resisting arrest. The relevant statute provides:

> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S. § 5104.

Officer Smith testified to the following description of the events subsequent to the handcuffing of Appellant:

> We had to physically move him to the police car, which is maybe ten feet out to the street. So we had to physically escort him. He wasn't walking. And we got him to the side of the police car and opened the back door, and he refused to get in. We were able to turn him around. And it is easier to get someone in by going around to the back of the other side and grabbing him from behind and pulling him in. But we both stayed on his side of the car and basically were able to push him into the backseat of the car.

---

[3] As we discuss *infra*, Appellant's intent to cause bodily harm was further evidenced by his aggressive conduct before and after the kick.

N.T., 7/16/2012, at 49. After Appellant kicked Sergeant Tremblay as previously described, Officer Smith did go to the other side of the car and pulled Appellant all the way into the vehicle. *Id.* at 50.

Appellant argues his conviction cannot stand because there was no testimony that Appellant resisted prior to being handcuffed; rather, "[a]ny allegation of kicking occurred after [Appellant] was handcuffed, and therefore already arrested." Appellant's Brief at 20. Again, we disagree.

The above testimony evidences that substantial force was required to overcome Appellant's resistance to being taken into custody. Appellant cites, and we have found, no authority for the proposition that an arrest is complete for purposes of subsection 5104 as soon as the arrestee is in handcuffs. Even if such were true, the officers were clearly in the process of discharging their duty to take the arrestee to the police station when Appellant kicked and otherwise resisted. Accordingly, the trial court properly denied Appellant's motion for an arrest of judgment on the resisting arrest charge. *See Commonwealth v. Thompson*, 922 A.2d 926, 928 (Pa. Super. 2007) ("Appellant's use of passive resistance requiring substantial force to overcome provided sufficient evidence for upholding the resisting arrest conviction.").

With his next issue, Appellant claims that the trial court erred in allowing the Commonwealth to amend the charges ten days before trial.

Appellant argues that he was prejudiced by the late amendment because counsel had to "rethink [her] theory of the case and prepare new arguments." Appellant's Brief at 14. Appellant suggests that he was denied a meaningful opportunity to present a defense by the late amendment. *Id.* at 15.

The trial court offered the following explanation for its decision to allow the amendment.

> In the instant case, [Appellant] was originally charged with two counts of aggravated assault, resisting arrest, and public drunkenness. At the preliminary hearing, the Assistant District Attorney offered to withdraw the Felony 1 aggravated assault charge with the understanding that [Appellant] would waive and plead guilty to the Felony 2 aggravated assault charges. ADA Lechner also noted that it was made clear to the defense counsel present at the preliminary hearing that if [Appellant] chose not to enter a guilty plea, the greater charge would be reinstated. That scenario is precisely what happened here. [Appellant] elected to go to trial, as is his right, and the prosecution reinstated the original charges that [Appellant] was facing.
>
> Defense counsel attempts to argue that because the charge was reinstated ten days before trial, the defense was prejudiced, as she did not have enough time to prepare. This argument is senseless. Defense counsel was aware of the charges [Appellant] faced at the time of the preliminary hearing and knew that if [Appellant] elected to go to trial, the original charges would be reinstated. In preparing for trial, defense counsel should have been prepared for all the original charges, considering the very fact that she was preparing for trial. Furthermore, the events of that evening transpired over the course of less than fifteen minutes; there was no additional or different discovery that would have been provided….

Trial Court Opinion, 9/25/2014, at 4-5 (citations omitted).

The trial court's findings are supported by the record, and Appellant has failed to persuade us that the trial court committed an error or abuse of discretion. Accordingly, Appellant is entitled to no relief. ***Commonwealth v. Claffey***, 80 A.3d 780, 787 (Pa. Super. 2013) ("It is, of course, an appellant's burden to persuade us the trial court erred and relief is due.).

Appellant's next two issues relate to the denial of his motions *in limine*.

> When reviewing the denial of a motion *in limine*, we apply an evidentiary abuse of discretion standard. [A] motion *in limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to trial, which is similar to a ruling on a motion to suppress evidence, [therefore] our standard of review ... is the same as that of a motion to suppress. The admission of evidence is committed to the sound discretion of the trial court, and our review is for an abuse of discretion.

***Commonwealth v. Rosen***, 42 A.3d 988, 993 (Pa. 2012) (internal quotation marks and citations omitted).

Appellant claims that the trial court should have granted his motion *in limine* to exclude as irrelevant and prejudicial testimony "as to the knife [Appellant] legally had in his possession" and "as to what occurred at the police station after the arrest."[4] Appellant's Brief at 16, 15. Appellant argues that allowing this testimony "put [Appellant's] character at issue[,]" "improperly switched the burden to [Appellant] to prove he was innocent

---

[4] Appellant does not identify, by reference to the record or otherwise, the testimony that was offered about "what occurred at the police station."

and forced [Appellant] to put on testimony to counteract the Commonwealth's attack on his character." *Id.* at 15.

Rule 404(b) of the Rules of Evidence addresses the admissibility of the evidence at issue as follows:

**(b) Crimes, Wrongs or Other Acts.**

(1) *Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) *Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b).

In the instant case, the Commonwealth bore the burden of convincing the jury, beyond a reasonable doubt, that Appellant kicked Sergeant Tremblay with the intent to cause him bodily injury. The evidence of Appellant's conduct immediately before and after the assault were offered not to prove that Appellant acted in conformity with a bad character or to switch any burden onto Appellant, but to prove Appellant's intent at the time of the assault. As the Commonwealth explained,

the fact that [Appellant] pulled a knife from his pocket, flipped it open, and concealed it behind his thigh when an officer turned his back to him demonstrates an intent to inflict bodily injury. Testimony regarding the knife was relevant for the purpose of

- 11 -

proving that the kick by [Appellant] was committed with the intent to injure a police officer.

Second, testimony regarding [Appellant's] actions at [the police] station is relevant to prove [Appellant's] state of mind with respect to the kick of Sgt. Tremblay. [Appellant's] aggressive behavior towards the police officers at the station furthers the Commonwealth's argument that [Appellant] intended to cause bodily injury to Sgt. Tremblay when he kicked him in the chest. Officers were forced to wrestle [Appellant] to the ground on several occasions to [bring him] under control. Although the charge resulted from the kick, the entire sequence of events from the initial interaction until [Appellant was] placed in [a] cell are relevant to show [Appellant's] state of mind with respect to the attempt to cause bodily injury to Sgt. Tremblay.

Commonwealth's Brief at 13-14 (citations omitted).

The trial court agreed that the evidence was relevant to show Appellant's intent, and that the probative value outweighed any prejudice. Trial Court Opinion, 9/25/2014, at 5. We discern no error or abuse of discretion in the trial court's ruling. *See*, *e.g.*, *Commonwealth v. Rivera*, 597 A.2d 690, 694 (Pa. Super. 1991) (holding that evidence of other incidents between the defendant and the victim fell within the intent exception of Rule 404(b) in prosecution for aggravated assault).

Finally, Appellant purports that the trial court erred in declining to send police reports and the arrest affidavit back with the jury during its deliberations.

Pennsylvania Rule of Criminal Procedure 646 provides, in relevant part, that, [u]pon retiring, the jury may take with it such exhibits as the trial judge deems proper[.] [W]hether an exhibit should be allowed to go out with the jury during

- 12 -

deliberation is within the discretion of the trial judge, and such decision will not be overturned absent an abuse of discretion.

***Commonwealth v. Parker***, 104 A.3d 17, 25 (Pa. Super. 2014) (internal quotation marks and citations omitted). "Our courts have rarely found that materials given to juries during deliberations constitute reversible error. In the cases that have found reversible error, however, the prejudicial effect of the evidence in question was severe and readily apparent."

***Commonwealth v. Barnett***, 50 A.3d 176, 194 (Pa. Super. 2012).

Appellant maintains that the jury, upon its request, should have been permitted to read copies of the police reports and affidavits. Appellant's Brief at 20. His argument on this issue is, in its entirety, the following:

> The defense relied on the inconsistencies and omissions of the police reports for their theory of the case and failing to allow the jurors to see the reports, was an abuse of discretion by the trial court. [Appellant] admitted into evidence Officer Smith's police report, criminal complaint and affidavit of probable cause and Sgt[.] Tremblay's police report. [Appellant] also questioned the officers about said reports and what was included and shockingly what was omitted. Those documents were essential to [Appellant's] case and severely attacked the officers' credibility which was essential to proving that the Commonwealth failed to meet its burden.

Appellant's Brief at 20 (unnecessary capitalization omitted).

The trial court explained its decision as follows:

> The judge met with counsel and explained that because parts of the reports were not made part of the record or testified to, it would be inappropriate to send the reports back to the jurors. The jury was brought back to the courtroom and the judge explained to the members of the jury that the documents would

- 13 -

not be provided; it was their recollections of the testimony and the evidence that they needed to rely on during deliberations. Because the reports and the affidavit in their entireties were not made part of the record, it would have been inappropriate to allow the jury to read them.

Trial Court Opinion, 9/25/2014, at 7 (citations omitted).

Our review of the record reveals that Appellant did offer, and the trial court accepted, the reports and affidavit into evidence. N.T., 7/17/2012, at 24. It seems that the jury heard testimony about some, but not all, of the contents of these documents, N.T., 7/16/2012, at 55-67, 82-88; however, we cannot be certain because the subject exhibits are not included in the certified record.

In any event, we are not persuaded that Appellant is entitled to relief. First, Appellant does not even attempt to show that the trial court's decision was the result of "bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law." *Commonwealth v. Ferguson*, 107 A.3d 206, 213 (Pa. Super. 2015).

Second, even if the trial court misstated the record status of the exhibits, the decision to require the jury to rely on its recollections of the officers' testimony is sound. "The underlying reason for excluding certain items from the jury's deliberations is to prevent placing undue emphasis or credibility on the material, and de-emphasizing or discrediting other items not in the room with the jury." *Commonwealth v. Dupre*, 866 A.2d 1089,

1103 (Pa. Super. 2005) (quoting **Commonwealth v. Strong**, 836 A.2d 884, 888 (Pa. 2003)). Here, allowing the jury to have the reports upon which the officers were cross-examined by defense counsel, but not the testimony offered by the officers on direct examination,[5] created an undue risk of the jury emphasizing the documents over the testimony.

Third, Appellant has failed to convince us that he suffered "severe and readily apparent" prejudice as a result of the trial court's decision, such that reversal is warranted. **Barnett**, 50 A.3d at 194. Accordingly, Appellant is entitled to no relief from this Court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/28/2015

---

[5] Pursuant to Pa.R.Crim.P. 464(C)(1), the jury was not permitted to have transcripts of any trial testimony during deliberations.